[Civ. No. 42789. Second Dist., Div. Four. May 14, 1975.]

In re the Marriage of ALAN G. and JAN I. OLHAUSEN.
ALAN G. OLHAUSEN, Respondent, v.
JAN I. OLHAUSEN, Appellant.

## COUNSEL

Shay, Stirling & Jones and Richard H. Shay for Appellant.

Lawton, Christensen, Fazio, McDonnell, Briggs & Ward and Steven E. Briggs for Respondent.

## OPINION

**FILES, P. J.—** ██ The sole issue to be determined on this appeal is whether the benefits to be paid to a local police officer who has retired for an industrial disability under the Public Employees' Retirement Law (Gov. Code, § 20000 et seq.) are community property, to be divided upon dissolution of his marriage.

Alan and Jan Olhausen were married in 1964. Alan was employed in police work for the City of La Habra from 1967 to 1970 and by the City of Vernon from 1970 to 1972. During his Vernon employment, Alan

sustained a fractured spine, which disabled him from performing further services as a law enforcement officer. By reason of this he was retired, and became entitled to benefit payments of $444.58 per month, commencing April 10, 1972. The benefits were payable solely because of his disability, as he had not worked long enough to have any vested right in other benefits.[1]

The parties separated March 28, 1972, and this dissolution proceeding was filed March 30, 1972. Following a trial held on October 2, 1972, the court made its judgment dissolving the marriage, dividing the community property and providing for child custody, child support and spousal support. In arriving at its decision, the trial court concluded that the disability retirement benefits to be received after dissolution were not community property, and therefore not subject to division by the court.

Jan, the wife, has appealed from the judgment. Her brief challenges only that portion of the trial court's decision which holds that retirement benefits are not community property.

*In re Marriage of Jones* (1975) 13 Cal.3d 457 [119 Cal.Rptr. 108, 531 P.2d 420], and *In re Marriage of Loehr* (1975) 13 Cal.3d '465 [119 Cal.Rptr. 113, 531 P.2d 425], both held that military retirement pay was not community property where the retirement had been for disability and prior to the time when the serviceman had earned a vested right to retire for longevity of service. These cases drew a distinction between disability retirement benefits, which are compensation for personal anguish and diminished ability to earn a living in the future, and longevity retirement benefits, which are deferred compensation for services rendered prior to retirement. The Supreme Court had previously decided that military retirement benefits based upon longevity of service constituted community property to the extent that the service had been performed during marriage. (*In re Marriage of Fithian* (1974) 10 Cal.3d 592.[111 Cal.Rptr. 369, 517 P.2d 449].)

Retirement benefits based upon age and service under the Public Employees' Retirement Law likewise have been determined to be community property. (*Phillipson* v. *Board of Administration* (1970) 3 Cal.3d 32 [89 Cal.Rptr. 61, 473 P.2d 765].) No case has decided whether the distinction made in *Loehr* and *Jones* between disability and longevity retirement is valid under the state system.

---

[1]The Los Angeles manager of the Public Employees' Retirement System so testified. Alan's total service was less than five years.

There is a difference between the California retirement system and the military system which must be considered. Under the Public Employees' Retirement Law the employer deducts an amount from each paycheck as the employee's contribution to a retirement fund. (Gov. Code, § 20600 et seq.) That fund, which includes the contributions of the employer (Gov. Code, § 20750 et seq.) is the source from which retirement benefits are paid. The military system does not require contributions of money from the member by payroll deduction or otherwise.

It is arguable that the "contribution" by payroll deduction gives the spouse of an employee under the state system a community interest different from that of the spouse of a person in military service. The question then is whether that distinction entitles Jan either to a return of half of the contributions, or to some proportion of the disability allowance. We are of the opinion that the distinction is without substance, and that the reasoning of the military retirement cases is applicable to disability retirement under the state system as well.

Both in contributory and noncontributory systems, retirement benefits are offered in consideration of and earned by the services rendered by the employee.

The applicable principle is explained in *In re Marriage of Fithian, supra,* 10 Cal.3d at page 596: ". . . Underlying the community treatment of retirement benefits is the concept that they do not derive from the beneficence of the employer, but are properly part of the consideration earned by the employee. Thus whether an employee is required to make contributions to the retirement fund is irrelevant to the ultimate characterization of the benefits as community property. [Citations.] Furthermore, the principle that retirement benefits are community property has been held to apply whether the source of the retirement fund lies in a state, federal, military, or private employment relationship."

The reasoning of the *Jones* and *Loehr* cases, holding that disability allowances are not community property, is not based upon the absence of a community interest in the retirement system. The distinction is in the purpose of the payment. (See *Jones, supra,* 13 Cal.3d at p. 462.)

The "contribution" which employees make to the public employees' retirement fund is an involuntary burden imposed by law. Under the governing statute, future events determine what the employee and

spouse will receive. The possibilities include a vested retirement for service, a right to withdraw contributions upon termination of employment, and a disability benefit. These alternatives are a part of the contract of employment. Under some circumstances there is a payout which may be divided between the spouses. Under the circumstances of this case, the law provides for a disability benefit payable to Alan, and nothing more. This benefit was earned by services performed during marriage (just as in the *Fithian* and *Jones* cases) but the benefit paid is not of the kind which is to be divided upon dissolution of the marriage.

In this case, as in *Jones*, no question is raised with respect to the division of workmen's compensation benefits. (See *Jones, supra*, 13 Cal.3d at p. 464, fn. 7.)

The judgment is affirmed.

Kingsley, J., and Dunn, J., concurred.