[Civ. No. 15802. Fourth Dist., Div. Two. Oct. 7, 1976.]

In re the Marriage of LEORA BERNICE and TROY LEE CAVNAR.
LEORA BERNICE CAVNAR, Appellant, v.
TROY LEE CAVNAR, Respondent;
WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST
FUND et al., Respondents.

**COUNSEL**

Elver, Falsetti, Boone & Crafts and Alan L. Crafts for Appellant.

Hennigan, Butterwick & Clepper and Michael H. Clepper for Respondent Husband.

No appearance for other Respondents.

## Opinion

**KAUFMAN, J.**—Leora Bernice Cavnar appeals from an interlocutory judgment ordering the dissolution of her marriage to Troy Lee Cavnar and dividing the community property of the parties. Wife specifically challenges the trial court's characterization of husband's disability retirement pay as his separate property. We conclude that under the circumstances of this case a portion of husband's disability pay is attributable to the community and therefore reverse the judgment in part.

The appeal is on an agreed statement of facts (see Cal. Rules of Court, rule 6(a)). Husband and wife were married in 1947. After a marriage of over 25 years which produced three children, all of whom have reached their majority, the couple separated on October 5, 1972. On April 17, 1974, wife filed a petition for dissolution of the marriage. An interlocutory judgment of dissolution was entered December 15, 1975.

During the marriage, husband was a member of the Teamsters Union which maintains for its members a pension trust fund administered by Prudential Insurance Company. Over the course of his employment, husband's several employers contributed to the pension trust fund on his behalf. All such contributions were made during the marriage.

In March 1971, husband, then age 59, retired. For seven months thereafter, husband received monthly early retirement benefit payments of $212 from the pension trust fund. However, in September 1971, husband converted his early retirement benefit plan to a disability retirement plan pursuant to which he began to receive monthly payments of $305 from the same fund. The particulars of husband's disability are not given in the agreed statement. Husband is entitled to continue receiving these monthly benefit payments throughout his lifetime if, prior to his reaching the age of 65, he continues to be disabled and eligible for disability insurance benefits under the federal Social Security Act, and if, prior to reaching the age of 70, he continues in retirement. Disability payments will terminate with the last payment made before husband's death.

### Discussion and Disposition

The question presented by wife's appeal is whether an employee spouse whose right to retirement pay has matured can divest the community of the fruit of his pension benefit plan by electing to receive disability pay instead.

■ It is now settled that retirement benefits, whether vested or not,[1] are community property to the extent the right thereto has accrued during coverture. (*In re Marriage of Brown, supra,* 15 Cal.3d at pp. 841-842.) However, disability pay, though it derives from a pension fund accumulated during marriage, has been held to constitute separate property of the employee spouse upon dissolution. (See *In re Marriage of Jones,* 13 Cal.3d 457, 461 [119 Cal.Rptr. 108, 531 P.2d 420];. *In re Marriage of Olhausen,* 48 Cal.App.3d 190, 192 [121 Cal.Rptr. 444].)

In *Jones, supra,* the Supreme Court held that where a spouse is entitled to receive a pension only because he is disabled and has no right to a pension because of longevity of service, the disability benefit payments are his separate property upon dissolution of the marriage. (13 Cal.3d at pp. 459-461.) The *Jones* court reasoned that whereas retirement pay is deferred compensation for past services rendered and therefore community property to the extent it was earned during marriage, disability pay is compensation for personal anguish and diminished earning capacity, which, being comparable to damages for personal injury received after separation or dissolution, is the recipient spouse's separate property. (13 Cal.3d at p. 462; see *In re Marriage of Olhausen, supra,* 48 Cal.App.3d at p. 192; see also *Zaragosa v. Craven,* 33 Cal.2d 315, 320-321 [202 P.2d 73, 6 A.L.R.2d 461].) However, the *Jones* court specifically left open the question of whether disability benefits received *after* the recipient spouse has earned a vested right to retirement pay may constitute a community asset. (13 Cal.3d at p. 461.) Apparently, no appellate court of this state has addressed the precise question left open in *Jones.* To resolve the instant controversy, however, we need not explore the broad question left open in *Jones, supra,* of whether and under what circumstances an employee spouse's disability pay should or could be characterized as community property where the employee's interest in retirement benefits has merely become vested. Our inquiry is limited to determining the community's interest in disability pay once an employee's right to retirement benefits has matured.

Wife argues that to permit husband to elect to receive disability pay instead of retirement pay after he had already begun to receive the latter

---

[1]"[T]he term 'vested' . . . refers to a pension right which is not subject to a condition of forfeiture if the employment relationship terminates before retirement. [Fn. omitted.] . . . [¶] [A] vested pension right must be distinguished from a 'matured' or unconditional right to immediate payment. Depending upon the provisions of the retirement program, an employee's right may vest after a term of service even though it does not mature until he reaches retirement age and elects to retire." (*In re Marriage of Brown,* 15 Cal.3d 838, 842 [126 Cal.Rptr. 633, 544 P.2d 561].)

and thereby extinguish wife's interest in pension benefits acquired during coverture would frustrate the equal division of community property contemplated by Civil Code section 4800.

Without question, had husband not elected to receive disability pay, wife would be entitled to receive one-half of his retirement pay as her share of the community property. (*In re Marriage of Peterson*, 41 Cal.App.3d 642, 647-648 [115 Cal.Rptr. 184]; *In re Marriage of Jones, supra*, 13 Cal.3d at p. 461.) It follows that in the event husband should become ineligible for disability pay and thereafter receive retirement pay instead, wife would clearly be entitled to her one-half share of such retirement payments.

Husband correctly argues that inasmuch as he has an election of types of benefits to be derived from the pension plan, he is entitled to determine the nature of the benefits to be received under the plans. ■ It appears settled that notwithstanding an award of a share in retirement pay has been made to a nonemployee spouse, the employee spouse retains the right to determine the nature of the retirement benefits owned by the community. (*In re Marriage of Brown, supra*, 15 Cal.3d at p. 850; *In re Marriage of Olhausen, supra*, 48 Cal.App.3d at p. 194.) In *Olhausen, supra*, the court considered whether husband's election to receive disability benefits acquired during marriage, which foreclosed his right to thereafter receive retirement pay under the same pension plan, was community or husband's separate property. The court concluded that disability pay is husband's separate property upon dissolution because it compensates him for his personal anguish and inability to compete in the job market. The court reasoned: "[f]uture events determine what the employee and his spouse will receive. The possibilities include a vested retirement for service, a right to withdraw contributions upon termination of employment, and a disability benefit. These alternatives are a part of the contract of employment. Under some circumstances there is a payout which may be divided between the spouses. Under the circumstances of this case, the [contract] provides for a disability benefit payable to [husband], and nothing more. This benefit was earned by services performed during marriage . . . *but the benefit paid is not of the kind which is to be divided upon dissolution of the marriage.*" (48 Cal.App.3d at pp. 193-194.) (Italics added.)

■ Wife does not dispute husband's right to select the benefit plan of his choosing. However, wife contends, in substance, that inasmuch as

husband had retired before electing to receive disability pay, only a portion of the disability pay is his separate property. We agree.

Both *Jones* and *Olhausen* based their conclusions that disability pay was husband's separate property on their characterization of disability benefits as compensation for personal anguish and diminished earning capacity. (See *In re Marriage of Jones, supra,* 13 Cal.3d at p. 462; *In re Marriage of Olhausen, supra,* 48 Cal.App.3d at pp. 193-194.) Under the circumstances of this case, however, husband's disability pay differs in its purpose from the disability benefits found to be the employee spouse's separate property in *Jones* and *Olhausen.* Inasmuch as husband had retired and was receiving retirement pay before electing to receive disability pay, husband's disability cannot be said to compensate him for diminished earning capacity or his inability to compete in the job market. Thus, only a portion of husband's pension benefit payments, though termed "disability payments," is properly allocable to disability. It would .be unjust to deprive wife of a valuable property right simply because a misleading label has been affixed to husband's pension fund benefits.

We conclude, therefore, that inasmuch as husband was receiving $212 per month retirement pay before electing to receive $305 per month disability pay, only the net increase of $93 is attributable to disability. Since the trial court is vested with broad discretion in determining the equitable distribution of community assets (see Civ. Code, § 4800), however, the appropriate distribution of the community assets is properly left there.

The interlocutory judgment of dissolution is reversed insofar as it establishes that the pension fund benefits are husband's separate property. No appeal having been taken from any other part of the judgment, the judgment is affirmed in all other respects. The trial court is directed to redetermine the division of community property and in so doing to take into account the community interest in husband's pension benefit payments heretofore described. Inasmuch as husband's pension benefit payments are likely to change over time, the trial court is further directed to retain jurisdiction to supervise the payment of pension benefits. (Cf. *In re Marriage of Brown, supra,* 15 Cal.3d at p. 849.) Wife shall recover costs on appeal.

Gardner, P. J., and McDaniel, J., concurred.