[Civ. No. 17284. Fourth Dist., Div. Two. May 24, 1977.]

In re the Marriage of CHARLOTTE and FREDERICK W. MUELLER.
CHARLOTTE MUELLER, Appellant, v.
FREDERICK W. MUELLER, Respondent.

**COUNSEL**

Estelle Herman for Appellant.

William A. Fitzmorris and James E. Sutherland for Respondent.

## OPINION

**KAUFMAN, J.**—Wife appeals from that portion of an interlocutory decree of dissolution of marriage adjudging husband's entitlement to military disability pay to be his sole and separate property.

Husband and wife were married in 1949. After a marriage of nearly 26 years, they separated on January 28, 1975. On January 31, 1975, wife filed a petition for dissolution of the marriage. The interlocutory judgment of dissolution was entered June 23, 1976.

In 1942 husband entered military service as a pilot with the United States Army Air Corps. He served until 1946 when he became a pilot for Pan American Airlines. In 1950 husband rejoined the military as a pilot. He developed arteriosclerotic heart disease in 1967 and several months later sought retirement. Early in 1968 a physical evaluation board found that due to his disability he was "not qualified for military service." It ordered him retired effective July 1, 1968, with a 30 percent permanent disability rating due to his heart condition. Although the trial court found husband's retirement to be involuntary, it also found that on the effective date of his retirement, July 1, 1968, husband was eligible for voluntary longevity retirement.

Thus, two packages of benefits were available to husband at the time of his retirement. One package was based upon longevity of service and provided for payment of 65 percent of husband's final salary as a lieutenant colonel. This pay was subject to income tax. The other package also provided for payment of 65 percent of husband's final salary, but an amount equal to 30 percent of his final salary would be based upon his 30 percent disability and would be tax free, leaving only the other 35 percent of final salary payable as longevity retirement. Naturally, husband chose the latter benefit package.

The parties agreed upon a division of husband's longevity retirement benefits prior to trial. Following trial, the court determined the right to disability pay to be husband's sole and separate property. Husband maintains the right to disability pay was properly classified as his separate property. Wife contends that it is community property subject to division upon dissolution of the marriage. We do not wholly agree with either party.

█ Preliminarily, we dispose of husband's contention that Congress intended military disability pay to be the separate property of the

veteran spouse. The question is not an open one. It was determined adversely to husband's contention by the decision, binding on us, in *In re Marriage of Jones,* 13 Cal.3d 457, 461 [119 Cal.Rptr. 108, 531 P.2d 420]:[1] "We find nothing in the statutes providing military disability pay, however, or in the history of the enactment and administration of those statutes, to suggest that Congress intended itself to determine whether the right of a married veteran, resident in a community property state, to disability pay is a community asset."

We turn to the principal question. ■ Retirement benefits are community property to the extent the right thereto was earned during coverture. (*In re Marriage of Brown, supra,* 15 Cal.3d at pp. 841-842, 851-852; *In re Marriage of Fithian, supra,* 10 Cal.3d at p. 596; *In re Marriage of Cavnar,* 62 Cal.App.3d 660, 663 [133 Cal.Rptr. 267]; see *In re Marriage of Jones, supra,* 13 Cal.3d at p. 461.) Thus there can be no doubt that had husband not elected to receive the package including disability pay, he would have received additional longevity retirement pay which would have been community property subject to division on dissolution of the marriage.

However, disability benefits received prior to vesting of a right to retirement benefits are held to constitute separate property of the employee spouse upon dissolution of marriage. (*In re Marriage of Jones, supra,* 13 Cal.3d at p. 464; *In re Marriage of Olhausen,* 48 Cal.App.3d 190 [121 Cal.Rptr. 444].) The rationale underlying the distinction between retirement benefits and disability benefits is that whereas retirement pay is deferred compensation for past services rendered and therefore community property, disability pay is compensation for personal anguish and diminished earning capacity, which, being comparable to damages for personal injuries received after separation or dissolution (see Civ. Code, § 5126), is the recipient spouse's separate property. (*In re Marriage of Jones, supra,* 13 Cal.3d at pp. 461-463; *In re Marriage of Cavnar, supra,* 62 Cal.App.3d at p. 663; *In re Marriage of Olhausen, supra,* 48 Cal.App.3d at p. 192.)

■ However, in *In re Marriage of Cavnar, supra,* 62 Cal.App.3d 660, we held that where the right to retirement pay had already matured and the employee spouse elected to receive disability benefits in lieu of

---

[1]In *In re Marriage of Brown,* 15 Cal.3d 838, 851, footnote 14 [126 Cal.Rptr. 633, 544 P.2d 561], language relating to the non-property status of unvested retirement benefits was disapproved in a number of cases we cite, to wit: *In re Marriage of Jones, supra,* 13 Cal.3d 457; *In re Marriage of Fithian,* 10 Cal.3d 592 [111 Cal.Rptr. 369, 517 P.2d 449], and *In re Marriage of Peterson,* 41 Cal.App.3d 642 [115 Cal.Rptr. 184].

retirement benefits, only the amount received in excess of the amount of the retirement benefits that would have been received could truly be said to compensate the employee spouse for personal anguish and loss of earning capacity and, thus, be properly classified as separate property, the balance being received only in lieu of retirement pay and, thus, properly classified as community property.

Husband attempts to distinguish *Cavnar* on the basis that we there dealt with matured retirement benefits whereas here his right to retirement pay was merely vested. It is true that we expressly limited our holding in *Cavnar* to the facts of the case then before us, to wit, matured retirement benefits. (62 Cal.App.3d at p. 663.) ■ However, we observe that a matured right to retirement pay is necessarily also a vested right to retirement pay. ■ More importantly, husband is incorrect in characterizing his right to retirement pay in the case at bench. as merely vested. The trial court found husband was eligible to receive retirement benefits as of July 1, 1968, the effective date of his disability retirement, and, in fact, he is receiving some longevity retirement pay as a result of his retirement on that date. ■ A vested retirement right refers to one which is not subject to forfeiture if the employment relationship terminates before retirement; a matured right to retirement pay refers to a right to immediate payment. (*In re Marriage of Brown, supra,* 15 Cal.3d at p. 842; *In re Marriage of Cavnar, supra,* 62 Cal.App.3d at p. 663, fn. 1.) ■ On July 1, 1968, husband had the right to immediate payment of retirement benefits. Thus, his right to retirement payments matured on that date. *Cavnar* is not distinguishable on any significant legal basis and is controlling.

■ We thus conclude that where the employee spouse elects to receive disability benefits in lieu of a matured right to retirement benefits, only the net amount thus received over and above what would have been received as retirement benefits constitutes compensation for personal anguish and loss of earning capacity and is, thus, the employee spouse's separate property. The amount received in lieu of matured retirement benefits remains community property subject to division on dissolution.

A contrary rule would produce mischief. ■ The employee spouse retains the right to determine the nature of the benefits to be received. (*In re Marriage of Brown, supra,* 15 Cal.3d at p. 850; *In re Marriage of Cavnar, supra,* 62 Cal.App.3d at p. 664.) It would be inconsistent with the fiduciary duty owed by the spouse having management and control to

permit that spouse to transmute what would otherwise be community property into his or her own separate property. (See *In re Marriage of Jones, supra,* 13 Cal.3d at p. 462, fn. 5; *In re Marriage of Fithian, supra,* 10 Cal.3d at p. 602; *In re Marriage of Peterson, supra,* 41 Cal.App.3d at p. 651.)

 The interlocutory judgment of dissolution is reversed insofar as it adjudicates the right to disability payments is husband's separate property. The trial court is directed to redetermine the division of the community property and in so doing to determine the net amount after taxes by which the disability payments exceed the net amount after taxes that would have been received by virtue of retirement payments. That amount together with that portion of the disability payments attributable to husband's employment prior to marriage shall be adjudged to be husband's separate property. The remainder of the disability payments shall be adjudged to be community property. Wife shall recover costs on appeal.

Gardner, P. J., and McDaniel, J., concurred.