96 Cal.App.3d 122 (1979)
158 Cal. Rptr. 38
In re the Marriage of LEORA MAY and JOHN PIERCY SAMUELS.
LEORA MAY SAMUELS, Appellant,
v.
JOHN PIERCY SAMUELS, Appellant.
Docket No. 42819.
Court of Appeals of California, First District, Division One.
August 23, 1979.
*124 COUNSEL
Barry D. Parkinson for Appellant Wife.
Steven W. Forsberg, Luke, Libicki & Perry and Leslie R. Perry for Appellant Husband.
OPINION
RACANELLI, P.J.
On appeal by both parties from a judgment of dissolution of marriage, we examine the nature of certain federal civil service disability and survivorship benefits. For the reasons we explain, we conclude that only the benefits payable to the disabled employee spouse upon becoming eligible for deferred retirement benefits constitute community property. We reverse and remand.

Facts
The facts are undisputed: At the time of marriage in June 1942, John had been employed as a federal civil service employee for a period of 16 months, such employment continuing without interruption until February 1971, when at age 50 years he terminated his employment due to an injury and began receiving monthly disability benefits reduced in amount by reason of his election providing death benefits to his surviving wife. Under the then existing provisions of the federal civil service retirement system (5 U.S.C. § 8337),[1] John became eligible for a "disability annuity" upon completing a minimum of five years of service prior to disability *125 and would be eligible for a "deferred retirement annuity" upon attaining 62 years of age.[2] The parties separated in January 1973, Leora being awarded temporary support later increased to $190 per month. John's disability annuity is his sole source of income and only substantial asset. Under the terms of the judgment, 94 percent of the disability annuity was determined to be community property and Leora awarded a one-half interest therein payable monthly retroactive to June 1977; the judgment further provided that Leora possessed a property interest in any future death benefits and enjoined John from exercising any right to modify or terminate such survivorship benefits as might accrue to Leora thereunder. John appeals from that portion of the judgment determining community property interests and restraining him from changing the survivorship annuity; Leora cross-appeals from the portion denying payment of her one-half community property interest from date of separation.

I.

Federal Supremacy
(1) Preliminarily, we consider John's initial claim that since the intent of the federal law is to provide disability retirement benefits to a disabled federal civil service employee as a "wage-substitute," the doctrine of federal supremacy renders invalid any conflicting state law regulating community interests in such benefits. (See Wissner v. Wissner (1950) 338 U.S. 655 [94 L.Ed. 424, 70 S.Ct. 398].) The claim is groundless.
It is well established that California courts may apply community property principles to federally created benefits so long as the result does not frustrate the objectives of the federal legislation. (See Hisquierdo v. Hisquierdo (1979) 439 U.S. 572 [59 L.Ed.2d 1, 99 S.Ct. 802] [railroad retirement benefits expressly excluded from state legal process by statute (45 U.S.C. § 231m)];[3]In re Marriage of Jones (1975) 13 Cal.3d 457, 461 *126 [119 Cal. Rptr. 108, 531 P.2d 420] [overruled on other grounds, In re Marriage of Brown, 15 Cal.3d 838 (126 Cal. Rptr. 633, 544 P.2d 561)]; In re Marriage of Fithian (1974) 10 Cal.3d 592, 597-604 [111 Cal. Rptr. 369, 517 P.2d 449] [cert. den., 419 U.S. 825 (42 L.Ed.2d 48, 95 S.Ct. 41), rehg. den., 419 U.S. 1060 (42 L.Ed.2d 657, 95 S.Ct. 644); overruled on other grounds, In re Marriage of Brown, supra]; see Phillipson v. Board of Administration (1970) 3 Cal.3d 32, 49-50 [89 Cal. Rptr. 61, 473 P.2d 765] [overruled on other grounds, In re Marriage of Brown, supra]; In re Marriage of Campa (1979) 89 Cal. App.3d 113 [152 Cal. Rptr. 362]; In re Marriage of Peterson (1974) 41 Cal. App.3d 642, 653 [115 Cal. Rptr. 184] [disapproved on other grounds, In re Marriage of Brown, supra; but see In re Marriage of Nizenkoff (1976) 65 Cal. App.3d 136 [135 Cal. Rptr. 189]].) Since we discern no irreconcilable conflict between the purpose of the subject federal legislation and California community property laws, no issue of federal supremacy is here involved.

II.

Nature of Disability Benefits
The principal thrust of John's argument centers upon the nature of the disability payments for which he is solely eligible until age 62 years. Relying upon a body of authority holding that disability benefits received prior to maturity of retirement benefits based upon service longevity constitute the separate property of the injured employee spouse (In re Marriage of Loehr (1975) 13 Cal.3d 465 [119 Cal. Rptr. 113, 531 P.2d 425] [disapproved in In re Marriage of Stenquist (1978) 21 Cal.3d 779, 789 (148 Cal. Rptr. 9, 582 P.2d 96)]; In re Marriage of Jones, supra, 13 Cal.3d 457; In re Marriage of Mueller (1977) 70 Cal. App.3d 66 [137 Cal. Rptr. 129]; In re Marriage of Olhausen (1975) 48 Cal. App.3d 190 [121 Cal. Rptr. 444]) John contends that his election to receive the immediate disability benefits in lieu of deferred retirement benefits results in an "excess" attributable solely to compensation for disability as separate property. (See In re Marriage of Cavnar (1976) 62 Cal. App.3d 660 [133 Cal. Rptr. 267].) While the rationale underlying his argument is tenuous, our analysis leads to the same result urged by John.
While under certain circumstances disability benefits in general received after separation as compensation for pain and suffering or *127 diminished earning capacity have been held to be the separate property of the incapacitated spouse (In re Marriage of Jones, supra, 13 Cal.3d 457; In re Marriage of Loehr, supra, 13 Cal.3d 465 [military disability benefits]; In re Marriage of Olhausen, supra, 48 Cal. App.3d 190 [state industrial disability benefits]; In re Marriage of Robinson (1976) 54 Cal. App.3d 682, 686 [126 Cal. Rptr. 779]; In re Marriage of McDonald (1975) 52 Cal. App.3d 509 [workers' compensation benefits]), those decisions pivoted around a determination that the disabled spouse had not yet acquired a vested right to retirement benefits based upon service longevity (e.g., In re Marriage of Jones, supra, at p. 461; In re Marriage of Olhausen, supra, at p. 192), a theory since discredited in the benchmark decision of In re Marriage of Brown, supra, 15 Cal.3d 838, which obliterated any substantive distinction between vested and nonvested pension rights derived as a result of employment during marriage.
Moreover, the continuing vitality of Loehr-Jones and their progeny was further undermined by In re Marriage of Stenquist (1978) 21 Cal.3d 779 [148 Cal. Rptr. 9, 582 P.2d 96], holding that where the employee spouse elects to receive disability benefits in lieu of benefits based upon longevity of service rendered during coverture, only the excess received constitutes separate property as compensation for personal anguish and loss of earning capacity; the amount received in lieu of retirement benefits, whether matured or nonvested, constitutes community property subject to division. (In re Marriage of Stenquist, supra, 21 Cal.3d 779, 788-789, fn. 9, at p. 788; see also In re Marriage of Mueller, supra, 70 Cal. App.3d 66, 71; cf. In re Marriage of Cavnar, supra, 62 Cal. App.3d 660, 664-665.) However, unlike the husband in Stenquist, John made no meaningful election in accepting immediate disability benefits equal in amount to, and in lieu of, the deferred benefits for which he would become eligible at age 62 years. Further, in contrast to Stenquist, no excess payment inured to John by way of retirement support "attributable to employment during marriage" (id., at p. 791).
Nonetheless, while conceding that John derives no excess compensation as a result of the disability benefits, Leora argues that since such presently enjoyed benefits equal in amount to deferred retirement benefits derive in part from community contributions, the disability payments constitute divisible community assets. The argument is unconvincing.
First, the disabled employee spouse is free to choose among available alternative retirement programs so long as that choice does not defeat the *128 community property interest of the nonemployee spouse. (In re Marriage of Stenquist, supra, 21 Cal.3d 779, 786; In re Marriage of Brown, supra, 15 Cal.3d 838, 849.) In choosing to accept immediate disability benefits instead of a return of contributions (§ 8342) or deferred benefits (§ 8338), no impermissible transmutation or other impairment of community interests results. (Cf. In re Marriage of Mueller, supra, 70 Cal. App.3d 66.) (2) Payment of such disability benefits now serves the principal purpose of compensating John for his injury, including loss of earnings and diminished earning capacity, and constitutes his separate property. (In re Marriage of Jones, supra, 13 Cal.3d 457, 459.) But after John reaches the minimum age (62 years) credited with past service longevity (5 years), the predominant purpose of such payments shifts to retirement support rather than disability compensation resulting from premature retirement (In re Marriage of Webb (1979) 94 Cal. App.3d 335, 342 [156 Cal. Rptr. 334]); at that point the true character of the disability benefits commensurate in value to the fully matured retirement benefits based upon completion of five years of service during marriage and salary rank (§ 8339) effectively constitutes community property irrespective of the label affixed to John's pension benefits. (In re Marriage of Stenquist, supra, at pp. 786-787.) Since the benefits payable are of like value (i.e., no excess) and are fully attributable to the requisite 5 years employment (and contributions made) during coverture, the total sums received by John after reaching 62 years of age comprise divisible community assets which under the circumstances reflected require no proportionate allocation.[4] (Cf. In re Marriage of Stenquist, supra, at p. 785, fn. 4; In re Marriage of Brown, supra, at p. 842; In re Marriage of Webb, supra, at p. 343; In re Marriage of Mueller, supra, at p. 70.) Since no other community assets exist to effectuate an equal division (see Civ. Code, § 4800; cf. Phillipson v. Board of Administration, supra, 3 Cal.3d 32, 46), the trial court should either determine and allocate the present actuarial value of the community interest or award Leora one-half of the benefits as paid upon John's attaining age 62. (See In re Marriage of Brown, supra, 15 Cal.3d 838, 848.)

III.

Survivorship Benefits
(3) John contends that since survivorship benefits are payable only to the spouse to whom the employee is married either at or after the time of retirement (§ 8341 (a), (b)), Leora as a former spouse is ineligible and the *129 trial court abused its discretion in attempting to restrain him from terminating or modifying the existing survivorship benefits. The contention has merit.
Although Leora possesses an enforceable community interest in the disability benefits payable to John upon attaining age 62 years, such interests are extinguished upon John's death. The only right remaining after death is the survivor's annuity payable only if John left a surviving spouse designated as the beneficiary. (See Phillipson v. Board of Administration, supra, 3 Cal.3d 32, 42-43.) Thus, Leora as a former spouse, is not entitled to assert any personal rights (other than those of the community) to any benefits that might become payable to the person occupying the status of surviving spouse upon the death of John. (See Benson v. City of Los Angeles (1963) 60 Cal.2d 355, 359 [33 Cal. Rptr. 257, 384 P.2d 649]; In re Marriage of Andreen (1978) 76 Cal. App.3d 667 [143 Cal. Rptr. 94]; see also United States v. Smith (3d Cir.1968) 398 F.2d 173, 175.) Since Leora can have no community interest in such benefits, the trial court erred in restraining John from exercising any available options regarding survivorship benefits.[5]
In light of our determinations, we need not discuss the remaining arguments presented on appeal. We note, however, that the trial court declined to make an award of spousal support, apparently because John was ordered to pay Leora a portion of his pension. In view of the length of the marriage and the parties' respective circumstances we believe the issue of spousal support should be reconsidered in light of the principles enunciated in In re Marriage of Morrison (1978) 20 Cal.3d 437, 454 [143 Cal. Rptr. 139, 573 P.2d 41], giving due consideration to any present award of community assets as discussed above.
Judgment is reversed and cause remanded for further proceedings not inconsistent with the views expressed herein. Each party shall bear his or her costs of appeal.
Elkington, J., and Newsom, J., concurred.
Petitions for a rehearing were denied September 21, 1979, and the petition of appellant husband for a hearing by the Supreme Court was denied October 18, 1979.
NOTES
[1] Unless otherwise indicated, all statutory references are to title 5 of the United States Code.
[2] The optional benefits available upon termination of employment include (1) a return of employee's contributions with interest (§ 8348 (a).(g)); (2) an "immediate retirement" annuity upon completion of 30 years' service and attained age of 55 years (§ 8336(a)); 20 years of service and attained age of 60 years (§ 8336(b)); and 5 years of service and attained age of 62 years (§ 8336(f)); if ineligible for immediate retirement benefits the employee may elect a "deferred retirement" annuity with 5 years of completed service payable upon attaining 62 years of age (§ 8338(a)); (3) a disability annuity is conditioned upon a minimum of 5 years of service at the time the employee terminates as a result of disability (§ 8337(a)). The amount of an annuity is computed upon service longevity and salary earnings (§ 8339(a)). The employee's reduced annuity by electing spousal survivorship benefits (§ 8341) becomes fully restored for any period "during which a retired employee ... is not married." (§ 8339(j).)
[3] At the time of trial, the federal Civil Service Act contained no comparable provision. During the pendency of appeal, section 8345 was amended to expressly authorize payments based upon service to be made to "another person ... [as provided in]... any court decree of divorce, annulment, or legal separation, or the terms of any court order...." (§ 8345(j)(l).)
[4] Nor does John seriously dispute the community property nature of, and Leora's community interest in, the deferred retirement annuity for which he is eligible upon attaining age 62 years.
[5] As previously noted, John's disability benefits are subject to a recomputed increase for each month he remains unmarried. (See § 8339(j).) Thus, if John were to remain single after attaining age 62 years, Leora would share equally in such increased benefits unless and until John thereafter remarries and the disability annuity payable is again proportionately reduced.