[Civ. No. 4060. Fifth Dist. Apr. 22, 1980.]

In re Marriage of DOROTHY K. and
FERDINAND J. LUCIANO.
DOROTHY K. LUCIANO, Appellant, v.
FERDINAND J. LUCIANO, Respondent.

COUNSEL

Allen, Ivey, Marks, Cornell, Mason & Castellucci and Dennis A. Cornell for Appellant.

Ferdinand J. Luciano, in pro. per., for Respondent.

OPINION

**HOPPER, J.**—We here consider whether a trial court abuses its discretion in a judgment of dissolution of marriage by requiring a nonemployee spouse to wait for the receipt of his or her share of community property, consisting of military retirement benefits, until such time as the employee spouse actually retires. Our conclusion is that the proper procedure in such a case is for the trial court to retain jurisdic-

tion and provide that the nonemployee spouse may elect to commence receiving his or her community property portion at any time after the employee spouse becomes eligible for retirement even though the employee spouse does not in fact retire.

This matter is the result of a dissolution of the marriage of Ferdinand and Dorothy Luciano (hereinafter referred to respectively as Ferdinand or Dorothy). The sole remaining dispute concerns the retirement benefits arising out of Ferdinand's service in the United States Air Force. On July 12, 1977, Dorothy filed a petition to dissolve the marriage. One of the assets listed as community property was the retirement benefit. The parties had been married for a total of 220 months. During that period Ferdinand was (and still is) a member of the Air Force. He was not eligible for retirement until January 1979. The stipulation, accepted by the trial court, disposed of all issues, with the exception of the date Dorothy was to begin receiving her community property portion of the retirement benefit. The trial court found that Ferdinand's application for retirement might be held up for any number of reasons. Dorothy had requested the trial court to order that she start receiving her portion commencing with the 20th anniversary of Ferdinand's entry into the United States Air Force. Instead, the trial court, while retaining jurisdiction, ordered that the date of commencement would be the date of actual retirement of Ferdinand. In its intended decision the trial court indicated that Dorothy would be adequately compensated by the giving of spousal support. Dorothy has appealed from that much of the judgment[1] which held that she had to wait until Ferdinand actually retired.

## DISCUSSION

■ "Pension rights, whether or not vested, represent a property interest; to the extent that such rights derive from employment during coverture, they comprise a community asset subject to division in a dissolution proceeding." (*In re Marriage of Brown* (1976) 15 Cal.3d 838, 842 [126 Cal.Rptr. 633, 544 P.2d 561, 94 A.L.R.3d 164]; see also *Henn v. Henn* (1980) 26 Cal.3d 323, 328 [161 Cal.Rptr. 502, 605 P.2d 10], distribution of military retirement pension in a subsequent separate proceeding.) ■ A trial court may properly reserve jurisdiction to divide the assets at a later date (see *Brown*, at p. 848).

---

[1]The document in which the time of distribution of the retirement benefit appeared was entitled "Supplement of Interlocutory Judgment." Appeal lies under either subdivision (b) or (j) of Code of Civil Procedure, section 904.1. For convenience we use the term "judgment" to include both the interlocutory judgment and the supplement.

■ Here the trial court retained jurisdiction. However, we conclude and hold that the trial court abused its discretion in providing that Dorothy must wait until Ferdinand actually retires before commencing to collect her share of the pension. To uphold the trial court's ruling as to the *time* Dorothy is to commence receiving her portion of this community asset would give Ferdinand the option of determining the receipt by Dorothy of her own property which would be basically unfair. The employee spouse cannot by election defeat the nonemployee spouse's interest in the community property by relying on a condition solely within the employee spouse's control (*Waite v. Waite* (1972) 6 Cal.3d 461, 472 [99 Cal.Rptr. 325, 492 P.2d 13];* *In re Marriage of Martin* (1975) 50 Cal.App.3d 581, 584 [123 Cal.Rptr. 634]* *In re Marriage of Peterson* (1974) 41 Cal.App.3d 642, 650-651 [115 Cal.Rptr. 184];* *Bensing v. Bensing* (1972) 25 Cal.App.3d 889, 893 [102 Cal.Rptr. 255];* see *In re Marriage of Stenquist* (1978) 21 Cal.3d 779, 786, fn. 5 [148 Cal.Rptr. 9, 582 P.2d 96], pointing out that *Brown* did not overrule *Waite* and *Peterson* on this issue). To the extent that *In re Marriage of Freiberg* (1976) 57 Cal.App.3d 304, 311-313 [127 Cal.Rptr. 792], may suggest in dicta that it is not an abuse of discretion for the husband to determine the time when the wife can commence receipt of her share, we disagree with *Freiberg*.[2]

■ The trial court may not withhold receipt of nonemployee's share on the ground that the nonemployee can be adequately compensated by spousal support. Our Supreme Court said in *Stenquist, supra*, at page 787, footnote 8, "As we have affirmed many times, adjustments in the amount of alimony awarded will not mitigate the hardship caused the wife by the denial of her community interest in the pension payments."

■ A proper order for a trial court to make in these circumstances is that the nonemployee spouse is the one who has the choice as to when his or her share of the pension shall begin. This election can be made at any time after the pension is matured[3] by motion in the trial court by

---

*These cases were overruled only so far as they declared unvested pensions did not constitute a divisible community property interest in *In re Marriage of Brown, supra*, at page 851.

[2]We note that *Freiberg* was decided before *Stenquist* and the facts are different in that there, unlike here, there was apparently no desire by the wife that her share commence before actual retirement by the husband.

[3]Prior to the maturing of the pension the employee spouse retains the right to define the nature of the retirement benefits owned by the community (see *Brown, supra*, 15 Cal.3d at pp. 849-850).

the nonemployee spouse and if made before actual retirement takes place constitutes an irrevocable election to give up increased payments in the future which might accrue due to increased age, longer service and a higher salary (see *In re Marriage of Adams* (1976) 64 Cal. App.3d 181, 185-187 [134 Cal.Rptr. 298]). The rule which we announce, of course, has no effect on the contractual rights of the employer or upon the employee spouse's right to continue to build up the value of the pension by continuing employment.

The judgment is affirmed except the supplement thereof which decrees that appellant Dorothy Luciano must wait for her share of the retirement benefits until they are actually received by respondent Ferdinand Luciano, is reversed and the matter is remanded to the trial court with directions to revise said supplement in accordance with the views set forth herein.

Franson, Acting P. J., and Zenovich, J., concurred.