[Civ. No. 49564. First Dist., Div. Four. Feb. 23, 1983.]

In re the Marriage of DOROTHY T. and FRANK G. BRILTZ.
DOROTHY T. BRILTZ, Appellant, v.
FRANK G. BRILTZ, Appellant.

**COUNSEL**

John A. DeRonde, Jr., and Glen A. DeRonde for Appellant Wife.

Smith & Burstein and Jack B. Burstein for Appellant Husband.

**OPINION**

**CALDECOTT, P. J.**—Dorothy T. Briltz (hereinafter Dorothy) appeals from an order dated December 26, 1979, in favor of respondent Frank G. Briltz (hereinafter Frank). Respondent cross-appeals from that part of the order awarding attorney's fees to Dorothy. Dorothy and Frank were married on April 10, 1945, and separated on December 3, 1975. The interlocutory decree of dissolution of marriage (which was also incorporated in the final judgment) determined the parties' rights in the pension and retirement plans in accordance

with a formula and reserved the court's jurisdiction to adjudicate the extent of community interest in said plans.[1]

On December 25, 1970, Frank reached 55 years of age and became eligible for early retirement pursuant to section 3.04 of the union pension plan called "Pension Trust Fund For Operating Engineers" (hereafter Pension Plan). Frank worked until the fall of 1978, when he suffered heart attacks, became disabled and made an application to receive disability benefits pursuant to the disability provisions of the Pension Plan (§ 3.06 et seq.). His application was approved in September 1978, and he began receiving benefits in the amount of $574 per month in November 1978.

On May 11, 1979, Dorothy filed a petition to determine her right in Frank's disability pension. A hearing was held on September 24, 1979, at which evidence was introduced that Frank was eligible for early retirement pension at the time he applied for disability benefits; that had he applied for early retirement payments, said application would have been granted; and that the monthly amount to be received by way of retirement benefits would have been higher than the disability payment actually awarded to him. Frank, through his attorney, presented evidence by filing his deposition[2] which stated that he was forced to apply for disability benefits due to two heart attacks previously suffered; that in November 1978, he was only 62 years old and was not entitled to full retirement benefits; and that he had no intention of retiring. The trial court ruled that the disability payments made to Frank since November 1, 1978, constituted his separate property, but that any payments received by him after December 25, 1980 (the date when Frank reached age 65) would be subject to the wife's share according to the formula set forth in the interlocutory decree. Simultaneously therewith, the court awarded attorney's fees for Dorothy.

On appeal Dorothy contends that the disability payments constituted community property from the very outset and that the trial court's ruling that said benefits comprised the separate property of appellant prior to his reaching the age of 65, was erroneous. Frank, on his cross-appeal claims that the award of attorney's fees for the wife was improper.

---

[1]The pertinent part of the decree provided: "18. That the Respondent has as of the date of separation 18 1/2 years employment as an operating engineer and has an interest in a pension plan with said operating engineers. That the Petitioner also has an interest in a pension and retirement plan at J. C. Penney's. In accordance with the decision of *In re Marriage of Brown*, 15 C3d 838, that each spouse shall have a one-half (1/2) community interest in the other's pension and retirement program represented by a fraction in which the numerator is the number of years of employment credited to the pension plan accumulated as of the date of separation of December 3, 1975, and the denominator is the total number of years worked for which there is given pension retirement credits as of the date of retirement. The court further reserves jurisdiction to determine the amount of community interest of said retirements."

[2]Frank was not present at the hearing apparently due to his physical condition.

*The Appeal*

██ In addressing the principal contention on appeal we note that as a general rule disability payments made to a disabled spouse following the dissolution of marriage are the separate property of the spouse receiving said payments. (*In re Marriage of Robinson* (1976) 54 Cal.App.3d 682 [126 Cal.Rptr. 779].) The rationale of this rule is that the disability benefits constitute compensation for personal anguish, suffering, disfigurement and loss of earning capacity and are thus akin to damages for personal injury which comprise separate property of the spouse after the dissolution of marriage. (*In re Marriage of Jones* (1975) 13 Cal.3d 457, 462 [119 Cal.Rptr. 108, 531 P.2d 420]; *In re Marriage of Cavnar* (1976) 62 Cal.App.3d 660, 663 [133 Cal.Rptr. 267].)

To the above rule, however, there is an exception. It has been repeatedly held that where the employee spouse elects to receive disability benefits in lieu of a matured and vested right to retirement benefits, only the excess over the retirement benefits constitutes compensation for personal anguish and loss of earning capacity and is, thus, the employee spouse's separate property. The amount received in lieu of matured retirement benefits remains community property subject to division upon the dissolution of marriage. (*In re Marriage of Stenquist* (1978) 21 Cal.3d 779, 788 [148 Cal.Rptr. 9, 582 P.2d 96]; see also *In re Marriage of Mueller* (1977) 70 Cal.App.3d 66, 70-71 [137 Cal.Rptr. 129]; *In re Marriage of Cavnar, supra,* 62 Cal.App.3d at p. 663.) The principles underlying this exception have been outlined by our Supreme Court as follows: "We cannot permit the serviceman's election of a 'disability' pension to defeat the community interest in his right to a pension based on longevity. In the first place, such a result would violate the settled principle that one spouse cannot, by invoking a condition wholly within his control, defeat the community interest of the other spouse. [Citations.] . . . In the second place 'only a portion of husband's pension benefit payments, though termed "disability payments," is properly allocable to disability. It would be unjust to deprive the wife of a valuable property right simply because a misleading label has been affixed to the husband's pension fund benefits.'" (*In re Marriage of Stenquist, supra,* 21 Cal.3d at pp. 786-787; accord: *In re Marriage of Luciano* (1980) 104 Cal.App.3d 956, 960 [164 Cal.Rptr. 93].)

The case at bench falls squarely within the aforestated exception. The record demonstrates that at the time of the disability pension application Frank was 62 years old and had more than 21 years of employment. He was clearly entitled to early retirement benefits under section 3.04[3] of the Pension Plan in that he had

---

[3]Section 3.04 of the Pension Plan provides that: "A Participant who is retired shall be entitled to an Early Retirement Pension, if: [¶] a. he has become age 55, but not yet become age 65; and [¶] b. he has at least 10 Years of Credited Service (without a Permanent Break in Service), ex-

both a matured and vested right to retirement payments based on longevity.[4] The conclusion is thus inescapable that under the circumstances here present the disability payments which were received by Frank upon his own choice and in lieu of matured retirement payments constituted community property from the very outset. Since according to the evidence adduced at the hearing the disability payments did not exceed the amount of the retirement benefits[5] to which Frank would have been entitled, the full amount of the disability benefits is subject to division between the parties.

*In re Marriage of Samuels* (1979) 96 Cal.App.3d 122 [158 Cal.Rptr. 38], the case principally relied upon by respondent, is clearly distinguishable from the present instance. In that case the husband terminated his employment due to an injury at a time when he was entitled only to disability benefits. In holding that under those circumstances the disability payments constituted separate property of the husband until he became eligible to retirement benefits at age 62, the court repeatedly emphasized that the husband was eligible solely for disability payments and that he was not free to choose between a matured retirement pension and disability payment and defeat his wife's right in a vested and matured pension right by opting for the latter. By contrast, in the case at bench Frank was eligible for matured retirement benefits at the time he chose the disability pension and that his choice of receiving disability payments instead of retirement benefits was a manifest attempt to defeat his wife's right in the already earned longevity pension which constituted community property.

### The Cross-appeal

Frank's only contention on cross-appeal is that the award of attorney's fees to Dorothy was improper. This claim, however, is without merit as Dorothy is the prevailing party in the action at bench. (*In re Marriage of Milhan* (1980) 27 Cal.3d 765, 780 [166 Cal.Rptr. 533, 613 P.2d 812].)

In view of our conclusion, the other issues raised by the parties need not be decided.

The order is reversed and the trial court is directed to enter judgment in accordance with the views expressed herein.

---

clusive, however, of any Credited Future Service earned as a result of work in Continuous Non-Covered Employment. [¶] c. he has as a result of work in Covered Employment received two quarters of Credited Future Service."

[4]Vested retirement right is defined as one which is not subject to forfeiture if the employment relationship terminates before retirement; matured retirement right refers to a right to immediate payment. (*In re Marriage of Mueller, supra,* 70 Cal.App.3d 66, 71; see also: *In re Marriage of Brown* (1976) 15 Cal.3d 838, 842 [126 Cal.Rptr. 633, 544 P.2d 561, 94 A.L.R.3d 164]; *In re Marriage of Cavnar, supra,* 62 Cal.App.3d 660, 663, fn. 1.)

[5]Apparently the early retirement benefit would have been $3 to $4 per month more than the disability payments.

Appellant Dorothy T. Briltz to recover costs on appeal.

Rattigan, J., and Christian, J., concurred.