[No. B010741. Second Dist., Div. Two. Apr. 30, 1986.]

JOSEPHINE V. WILLIS, Plaintiff and Appellant, v.
BOARD OF ADMINISTRATION, PUBLIC EMPLOYEES'
RETIREMENT SYSTEM, Defendant and Respondent.

COUNSEL

John H. Brink and Irsfeld, Irsfeld & Younger for Plaintiff and Appellant.

Roland K. Bowns and Margaret J. Hoehn for Defendant and Respondent.

OPINION

**BEACH, J.**—Appeal from judgment denying writ of mandate seeking to force retirement board to allow appellant to change retirement election made by her deceased husband. Affirmed.

Appellant contends denial of the writ was error because Civil Code section 5125, subdivision (b) requires that a spouse give written consent to such an election.

FACTS AND PROCEDURAL HISTORY

Respondent Board of Administration of the Public Employees' Retirement System (PERS) offers various plans for paying retirement benefits to its members upon retirement. These plans allow the retiree to make an irrevocable election to forego some portion of the maximum monthly retirement payment in return for increased benefits to his survivors upon his death.

Appellant and George Willis (George) were married for twenty-five years and had six children.

When George retired from the Monterey Park Police Department with an industrial disability his contributions to PERS amounted to $32,467.03. He selected, without appellant's consent, the retirement plan that paid the maximum monthly retirement payment during his lifetime and the minimum in survivor benefits. George died 19 months after retirement and 15 months after making the election.

Appellant filed a request with respondent to modify the retirement benefit selected by her deceased spouse, basing her request upon the premise that George's election of benefits was in derogation of her community property interest in his retirement benefits.[1] When her request was denied, an administrative hearing was held at which the administrative law judge issued a proposed decision, later adopted by PERS, which held that appellant was not entitled to the requested relief, apparently basing this decision in large part on a finding that George's disability benefits were his separate property.

The superior court denied appellant's petition for writ of mandate to compel PERS to modify the prior election to pay her increased survivor benefits, agreeing the retirement allowance was separate property and this appeal followed.

DISCUSSION

The administrative law judge and the superior court judge apparently relied on decisions holding that, in dissolution proceedings, disability benefits are the separate property of the disabled recipient and can only be reached by the nondisabled spouse to the extent that payments represent accrued retirement benefits rather than compensation for suffering and for future decreased earning power. (*In re Marriage of Stenquist* (1978) 21 Cal.3d 779 [148 Cal.Rptr. 9, 582 P.2d 96]; *In re Marriage of Jones* (1975) 13 Cal.3d 457 [119 Cal.Rptr. 108, 531 P.2d 420]; *In re Marriage of Samuels* (1979) 96 Cal.App.3d 122 [158 Cal.Rptr. 38].)

---

[1]George chose the unmodified allowance of $991.42 per month for life with no monthly allowance or return of contributions to a beneficiary. Also available were:

|  | Retiree's lifetime payment | Beneficiary's lifetime payment |
|---|---|---|
| Option 1 | $973.62 | None but partial return of contributions. |
| Option 2 | $890.79 | $395.08 |
| Option 3 | $935.40 | $219.85 |

Appellant seeks to obtain the beneficiary's benefits payable under Option 2.

It appears from the record that appellant and George were still married at the time of his death. ■ Consequently, we assume, for the purposes of this discussion, that the pension benefits were community property since "such [disability] payments as are received during the marriage constitute a community asset." (*In re Marriage of Jones, supra,* 13 Cal.3d at p. 464.)

However, "the disabled employee spouse is free to choose among available alternative retirement programs so long as that choice does not defeat the community property interest of the nonemployee spouse." *In re Marriage of Samuels, supra,* 96 Cal.App.3d at pp. 127-128.)

■ Appellant argues that, in making an election that adversely affected her rights in his retirement benefits without her written consent, George defeated her community property interest in that he violated Civil Code section 5125, subdivision (b) which reads: "A spouse may not make a gift of community personal property, or dispose of community personal property without a valuable consideration, without the written consent of the other spouse."

It is true that because of George's election of options appellant will not receive benefits she otherwise may have been able to receive if he had chosen another option. But that result does not convert the legitimate option selection into a gift of community property or transfer of it without valuable consideration.

One of the most difficult choices the manager of the family's purse must make is deciding how much present income the family can forego in return for providing for future emergencies such as the death of the provider. The choice is especially difficult when the family is large and the income is modest. George chose to provide his family with over $100 more in income each month during his lifetime rather than to provide increased benefits to his family in the event of his death.

Appellant argues that, since the $100 per month in extra income is a return of less than 3.8 percent on the $32,467.03 that the community had contributed to his retirement fund, George in essence transferred that amount to respondent without adequate consideration, i.e., for less than the legal rate of 7 percent.

It is true that George could have elected to withdraw the $32,467.03 from PERS and invest the funds for the community. However, such withdrawal would have been "in lieu of all other benefits."

Thus, what George received in return for not withdrawing these funds was not $100 per month but $991.42 per month. If we followed appellant's

analogy, this would be a return of over 36 percent. But, of course, any such comparisons are inappropriate because this was not an unending income flow but one measured by George's lifetime.

The fact that appellant will not enjoy the income she would have enjoyed if George had lived longer or had made a different choice of benefits was not caused by any action of respondent; nor is it possible for respondent, even if it wished, to grant the relief requested. The rules governing a retirement plan such as PERS are based on actuarial principles and must be strictly enforced in order to assure that funds will be available to pay all those relying on the plan. While the rule that an election, once made, is irrevocable, appears harsh in circumstances such as in the case before us, PERS must enforce that rule in order to protect all members of the plan.

Appellant appears to contend that PERS had an affirmative duty to obtain her consent to any election made by George but points to no statute or case law to support this contention.

Appellant attempts to equate the choosing of the method of payment of a pension with the making of a gift of community property in order to invoke the rule that "a gift made in violation of section 172 [now § 5172, subd. (b)] is, as against the donee, voidable by the wife in its entirety during the husband's lifetime [citations], and to the extent of one-half after his death [citations]." (*Fields* v. *Michael* (1949) 91 Cal.App.2d 443, 448 [205 P.2d 402].)

Since only one-half of George's supposed gift would be voidable under this rule, it is unclear how appellant expects such a rule to apply to her request to change the designation of benefits.

As pointed out above, George received value for the option he chose and made no gift of community property to respondent. In reality, the value received was a larger monthly payment, not merely to George, but to the community. He was offered the option of "spending" $100 of the available disability retirement income to purchase what was in essence an insurance policy paying death benefits to respondent. His refusal of that option did not defeat a community property interest of appellant.

"In choosing to accept immediate disability benefits instead of a return of contributions . . . or deferred benefits . . ., no impermissible transmutation or other impairment of community interests results." (*In re Marriage of Samuels, supra,* 96 Cal.App.3d at p. 128.)

The judgment is affirmed.

Roth, P. J., and Gates, J., concurred.