RICHARD O'HARA, Appellant, *v.* THE STATE OF NEVADA, EX REL. PUBLIC EMPLOYEES RETIREMENT BOARD, Respondent.

No. 18548

November 22, 1988                    764 P.2d 489

*Lovell, Bilbray & Potter,* and *David M. Schieck,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, *Scott W. Doyle,* Deputy, Carson City, for Respondent.

## OPINION

*Per Curiam:[1]*

This is an appeal from that part of a district court judgment concluding that appellant, Richard O'Hara, did not have the right to control, designate, or otherwise direct, the disposition of retirement benefits due his spouse, Dorothy O'Hara.

Prior to her retirement from the Clark County School District, Dorothy O'Hara selected a retirement option pursuant to NRS 286.551 after discussing the decision with appellant. The option she selected paid the maximum monthly benefit available, but did not provide for residuary payments to a beneficiary upon her death. Dorothy selected that option because she believed it was more likely that she would outlive appellant. Unfortunately, Dorothy predeceased appellant, dying less than two months after retiring.

Appellant contends that Dorothy's selection of a retirement option without his consent was an improper transfer of community property and voidable at his insistence. *See, e.g.,* Marvin v. Marvin, 557 P.2d 106, 115 (Cal. 1976). Retirement benefits are generally divisible as community property to the extent that they are based upon services performed during the marriage, whether or not the benefits are presently payable. Forrest v. Forrest, 99

---

[1]This appeal was previously dismissed in an unpublished order of this court. Pursuant to a request, we have determined that our decision should be issued in a published opinion. Accordingly, we hereby issue this opinion in place of our order dismissing this appeal filed October 17, 1988.

Nev. 602, 607, 668 P.2d 275, 279 (1983). However, community property interests of a nonemployee spouse do not limit the employee's freedom to agree to terms of retirement benefits. *See* In re Marriage of Brown, 544 P.2d 561, 568 (Cal. 1976). The retirement program is based upon actuarial principles and its rules must be strictly enforced to ensure that funds will be available in the future. An employee spouse may select among retirement options so long as the community property interest of the nonemployee spouse is not defeated. *See* Willis v. Bd. of Admin., Pub. Emp. Retire., 226 Cal.Rptr. 567 (Cal.Ct.App. 1986). In this case, Dorothy based her selection of a retirement option on her belief that appellant would predecease her. Though Dorothy was wrong, her selection did not defeat appellant's interest in the retirement fund. But for her death appellant would have enjoyed the benefits of her selection. Therefore, we conclude that Dorothy's selection was not an improper transfer of community property voidable at the insistence of appellant. According, the judgment of the district court is affirmed.[2]

---

[2]The Honorable E. M. Gunderson, Chief Justice, did not participate in the decision of this appeal.