[Civ. No. 27270. Second Dist., Div. One. Sept. 18, 1963.]

Estate of JOSEPH SIMONI, Deceased. ERCOLE BUFA-LINI SIMONI, Objector and Respondent, v. LEOLA SIMONI, Petitioner and Appellant.

Loughman & Fay and John F. Fay for Petitioner and Appellant.

Hathaway, Soares & Shaw and Robert L. Shaw for Objector and Respondent.

WOOD, P. J.—Joseph Simoni and Leola Simoni were married in 1947. They adopted Ercole Bufalini Simoni, an adult. In November 1958, during the marriage, Joseph was injured in an industrial accident. On January 11, 1962, he received an Industrial Accident Commission award of $3,372.62, which he deposited in his name in the Santa Barbara Building and Loan Association on February 13, 1962. He died one month later without leaving a will, and Leola was appointed administratrix of his estate. Her petition for distribution alleged that the assets for distribution (including amount to be paid as attorneys' fees) consisted of $4,186.20 cash and the proceeds of sale of automobiles; the whole estate is community property; she is the surviving spouse; and the estate should be distributed to her.

Ercole, the adopted adult son, filed a "petition" alleging that $3,372.62 on deposit in the Santa Barbara Building and Loan Association is separate property of decedent; and that he (Ercole) is entitled to share in that amount.

After a hearing on the petition for distribution and the petition of the adopted son, a minute order was made wherein it was stated that "the objections of the adopted son to the petition for distribution be and they are hereby allowed."

The court found that the inventory item of $3,372.62 on deposit in the name of the decedent in said building and loan association is the proceeds of an award of the Industrial Accident Commission made to decedent while married to Leola, and that said amount is therefore the separate property of decedent.

The decree of distribution stated that the administratrix had in her possession a balance of $3,372.62 in separate prop-

erty and $3,113.58 in community property, subject to specified amounts for expenses; that the balance should be distributed as follows: To Ercole, one-half the separate property less a proportionate share of the expenses; to Leola, one-half the separate property and all the community property less a proportionate share of the expenses.

Leola has appealed from the minute order sustaining Ercole's objections and from the judgment distributing the estate.

The question on appeal is whether the amount awarded by the Industrial Accident Commission for Joseph's personal injury is community property or separate property.

If it is separate property the adopted son would be entitled to one-half of it. (Prob. Code, §§ 220, 221.) If it is community property, the surviving spouse (Leola) would be entitled to all of it. (Prob. Code, § 201.)

Prior to 1957, when section 163.5 was added to the Civil Code, damages recovered for personal injuries of either spouse were community property. (*Zaragosa* v. *Craven,* 33 Cal.2d 315, 321 [202 P.2d 73, 6 A.L.R.2d 461[.) Said section 163.5, which was added by Statutes of 1957, chapter 2334, page 4065, provides: "All damages, special and general, awarded a married person in a civil action for personal injuries, are the separate property of such married person." The question then arises herein as to whether the award by the Industrial Accident Commission was an award of damages in a civil action as contemplated by the Legislature in enacting the section.

An important consideration in determining the intention of the Legislature in enacting the new section is the state of the law as it existed prior to the enactment—a consideration of the criticisms, if any, of alleged deficiency or inequity of existing law. In *Cole* v. *Rush,* 45 Cal.2d 345, 355 [289 P.2d 450, 54 A.L.R.2d 1137], the court stated: "The significance of legislative action in the light of established law and of pertinent judicial decisions has been repeatedly recognized in this state. . . . 'It is a generally accepted principle that in adopting legislation the Legislature is presumed to have had knowledge of existing domestic judicial decisions and to have enacted and amended statutes in the light of such decisions as have a direct bearing upon them.' . . ."

In an action for damages for personal injuries, prior to the enactment of said section 163.5, the contributory negligence

of one spouse, having a community property interest in the recovery, was imputed to the other one in order to prevent the negligent spouse from profiting from his or her own wrong. (See *Kesler* v. *Pabst*, 43 Cal.2d 254, 256 [273 P.2d 257].) In *Bruton* v. *Villoria*, 138 Cal.App.2d 642, 644 [292 P.2d 638], it was said: "This principle [imputing contributory negligence] has been stated in unbroken continuity from *McFadden* v. *Santa Ana etc. Ry. Co.*, 87 Cal. 464 [25 P. 681, 11 L.R.A. 252], to *Zaragosa* v. *Craven* 33 Cal.2d 315 [202 P. 2d 73, 6 A.L.R.2d 461]. The cases recognize that if the husband [the negligent one in the cited case] has no interest in the recovery there is no reason for giving effect to his contributory negligence as a bar to the wife's recovery for her own personal injuries. Thus negligence of the man prior to marriage is not imputable to the wife in an action after the parties have married. [Citation.] Likewise, dissolution of the marriage by death of the husband removes the basis for imputing his negligence to his wife. [Citation.] Since upon his death the wife's entire cause of action survives to her by operation of law, the rule of imputed negligence as a means of prevent unjust enrichment does not apply. [Citation.]" In the *Bruton* case just cited, the plaintiff (wife), who was a passenger in an automobile which was being driven in California by her husband, sought damages for her personal injuries resulting from a collision of automobiles. The jury therein was instructed that if the husband was negligent his negligence was imputed to the wife. It was established therein that the husband and wife were domiciled in the Province of Ontario, Canada, where there was no system of community property. In that case, where the husband would have no community property interest in the damages recovered for the wife's injuries, it was held that no reason existed for imputing to the wife the negligence of the husband, and that the defendants (by reason of the instruction) had had the advantage of a defense of contributory negligence to which they were not entitled.

"This rule of imputed contributory negligence was subjected to much criticism." (4 Witkin, Summary of Cal. Law, p. 2711.)

"This theory, that damages recovered by the wife constitute community property under the husband's control, led to a harsh result where the husband drove a car with the wife as a passenger and the wife was injured by reason of the negligence of the husband and a third party. Even though herself without fault, she was denied recovery to prevent the

husband from profiting despite his own contributory negligence.'' (4 Witkin, Summary of Cal. Law, p. 2710.)

In *Self* v. *Self*, 58 Cal.2d 683, 691 [26 Cal.Rptr. 97, 376 P.2d 65], it was said: ''The hardships created by allowing the contributory negligence of one spouse to be a defense against the other caused criticism (see . . . (1957) 32 State Bar J. 507, 508), and the injustice of that rule was undoubtedly the basic reason for the legislative change in 1957.''

In 9 Hastings Law Journal, page 295, note 23, it was said that Senator Cobey, the drafter of the new section 163.5 of the Civil Code, stated in a letter to Mr. Kleps, the Legislative Counsel, with reference to the purpose of the new legislation, that his intention was to outlaw the imputation of the contributory negligence of one spouse to the other.

The *Bruton* case, *supra*, which was decided about a year and half prior to the new legislation, sets forth in some detail the state of the law, prior to the new legislation, relative to imputing such contributory negligence; and that case, among several others, indicates the asserted inequitable result of allowing such imputation of contributory negligence on the theory that the damages would constitute community property. It is to be assumed that the Legislature had knowledge of such decisions and the legislative problems indicated thereby. ▮ In view of such cases and the criticisms of such theory, it is reasonable to conclude that, by enacting section 163.5 of the Civil Code, the Legislature intended to eliminate the defense of such imputed contributory negligence.

▮ Since contributory negligence or negligence cannot be an issue in Industrial Accident Commission proceedings, it is clear that there would be no object in enacting legislation purporting to eliminate such an issue in those proceedings. Said section 163.5 of the Civil Code is not applicable with respect to an award by the Industrial Accident Commission.

Respondent argues that the Legislature did not intend, by the new legislation, merely to outlaw the imputation of the contributory negligence of one spouse to the other; but, rather, ''it enacted a basic change in the law of property as between husband and wife.'' In support of that argument, respondent refers to the amendment of section 171c of the Civil Code which was made in the same chapter of the 1957 Statutes in which section 163.5 was added. Prior to said 1957

amendment, section 171c of the Civil Code provided in part that "the wife has the management, control and disposition ... of community property money earned by her, or community property money damages received by her for personal injuries suffered by her ...." That section provided further that: "This section shall not be construed as making such money the separate property of the wife." One respect in which the 1957 Statutes amended said section 171c was by eliminating therefrom the words "or community property money damages received by her for personal injuries suffered by her." It appears that if said portion had not been eliminated, it would have been inconsistent with the provisions of the new section 163.5. It is reasonable to conclude that the purpose of the amendment of section 171c was to remove such inconsistency.

Prior to the addition of said section 163.5, it was held that compensation payable to the husband under the Workmen's Compensation Insurance and Safety Act (upon which the present Workmen's Compensation Act is based) was community property. (*Northwestern Redwood Co.* v. *Industrial Acc. Com.*, 184 Cal. 484, 486-487 [194 P. 31].) It does not appear that the Legislature intended, by the new legislation, to change the character of such an award. If such a change had been contemplated, it would seem that the Legislature would have expressly so stated.

The award by the Industrial Accident Commission was not an award of damages in a civil action within the meaning of section 163.5 of the Civil Code.

The order and judgment are reversed.

Lillie, J. concurred.

A petition for a rehearing was denied October 16, 1963, and respondent's petition for a hearing by the Supreme Court was denied November 13, 1963.