[Civ. No. 45991. Second Dist., Div. Three. Oct. 28, 1975.]

In re the Marriage of JOANNE VIRGINIA
and PAUL TIMOTHY McDONALD
PAUL TIMOTHY McDONALD, Respondent, v.
JOANNE VIRGINIA McDONALD, Appellant.

**510**

**Counsel**

Glantz & Glantz, Fred G. Glantz and Jack C. Glantz for Appellant.

Saul C. Nadel for Respondent.

**Opinion**

**COBEY, J.**—This appeal poses the single (heretofore undecided) question whether a workers' compensation permanent disability lump sum award of $92,500 to a husband, received by him while living separate from his wife against whom he had a proceeding for dissolution of the marriage pending, is the separate property of the husband. The trial court inferentially so found. The wife contends that the award is the community property of the spouses, but she concedes that, under Civil Code section 5126, subdivision (a)(2), the $56,250 the husband received about the same time in settlement of his personal injury action against the third party tortfeasor is properly the husband's separate property.[1]

---

[1] The $92,500 award is a part of a total sum of $148,750. The remainder represents the proceeds of a settlement of the injured husband's personal injury action. All of the money is invested in a blocked savings account and the husband, a paraplegic, lives on the interest from this account. He withdraws $700 a month. Under the interlocutory judgment of dissolution entered on July 12, 1974, he must pay his wife $75 a month for the support of their only child and maintain as well a $5,000 life insurance policy of which the child is the unchangeable beneficiary. The automobile accident that disabled the husband occurred some eight months after the parties had started living together, but only a week after their marriage.

The wife relies upon the cases of *Northwestern R. Co.* v. *Industrial Acc. Com.,* 184 Cal. 484 [194 P. 31], and *Estate of Simoni,* 220 Cal.App.2d 339 [33 Cal.Rptr. 845]. In the first of these cases, our Supreme Court permitted a widow of an industrially injured spouse, who had been deserted by that spouse some nine weeks after their marriage, to recover a workers' compensation permanent disability award on his behalf on the basis that such compensation was community property in which she had an inchoate interest. (184 Cal. at pp. 485, 486-487.) The second case involved a controversy between the widow of an industrially injured intestate decedent and their adult adopted son over the distribution of the proceeds of a workers' compensation permanent disability award paid to the decedent before his death. (220 Cal.App.2d at p. 340.) The court there held that these proceeds were community property on the rationale that *Northwestern* was still the controlling authority in this state on the point. (*Id.* at p. 344.)

While this court, as the lower appellate court in this state, would be bound by the aforementioned decisions of our Supreme Court (*Auto Equity Sales, Inc.* v. *Superior Court,* 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]), we do not believe that we are so bound in this case in view of footnote 7 in the quite recent decision of that court in the case of *In re Marriage of Jones,* 13 Cal.3d 457, 464 [119 Cal.Rptr. 108, 531 P.2d 420], and in view of the rationale of that decision, which was expressly followed in the companion case of *In re Marriage of Loehr.* 13 Cal.3d 465, 467 [119 Cal.Rptr. 113, 531 P.2d 421].[2]

Footnote 7 in *Jones* reads: "In arguing that section 5126 is limited to damages for tortious injury, petitioner relies on *Northwestern R. Co.* v. *Industrial Acc. Com.* (1920) 184 Cal. 484, 486 [194 P. 31] and *Estate of Simoni* (1963) 220 Cal.App.2d 339, 344 [33 Cal.Rptr. 845], which held that workmen's compensation disability benefits were community property. Both cases, however, dealt with benefits received during the marriage. No decisions have determined whether an employee's right to future workmen's compensation benefits constitutes a community asset subject to division upon dissolution of the marriage." (13 Cal.3d at p. 464.)

In *Jones,* our Supreme Court held that "upon dissolution of marriage, the right of the disabled spouse to future [military] disability payment

---

[2]We note that in *Loehr,* as here, the injured husband received a personal injury settlement of $43,584.47, which the trial court awarded entirely to him in the exercise of the discretion vested in it with respect to such damages by Civil Code section 4800. subdivision (c). (*Loehr,* fn. 2 at p. 467.)

should be his separate property." *(Id.,* at p. 459.) The court pointed out that such disability payments "serve to compensate the disabled veteran for the loss of military pay caused by his premature retirement and for his diminished ability to compete for civilian employment." *(Id.* at p. 462.) The court further observed that such payments "compensate the veteran for the pain, suffering, disfigurement and the misfortune caused by his disability." *(Id.)* The court concluded that military disability pay resembled compensation for personal injuries much more than it did normal military retirement pay. *(Id.)* The court endorsed its previously stated view in *Washington* v. *Washington,* 47 Cal.2d 249, 253-254 [302 P.2d 569], now found in extended form in Civil Code section 5126, that, upon dissolution of a marriage, damages for future pain and suffering, future expenses and future loss of earnings should belong exclusively to the injured spouse *(id.* at pp. 463-464) and concluded that this principle with respect to personal injury damages should be extended to military disability pay. *(Id.* at p. 464.)

In the case of *In re Marriage of Olhausen,* 48 Cal.App.3d 190 [121 Cal.Rptr. 444], another local division of this statewide court held that, notwithstanding the fact that the injured policeman there contributed by payroll deductions during his marriage to his purely disability retirement benefits, such benefits, when received after dissolution of his marriage, were not community property. *(Id.* at pp. 191-192, 194.)

■ We recognize that these cases do not control our decision in this case. They all relate solely to disability retirement benefits and they all treat such benefits as separate property only upon dissolution of marriage. But a workers' compensation permanent disability award is likewise based on disability. The source of the disability is different, but the award rests, among other things, on actual incapacity to perform the tasks usually encountered in one's employment and on physical impairment of the body as well. (See Lab. Code, § 4660, subd. (a); *Granado* v. *Workmen's Comp. App. Bd.,* 69 Cal.2d 399, 404 [71 Cal.Rptr. 678, 445 P.2d 294]; *Russell* v. *Banker's Life Co.,* 46 Cal.App.3d 405, 416 [120 Cal.Rptr. 627].) It does not, however, include pain and suffering as personal injury damages do (see *Capelouto* v. *Kaiser Foundation Hospitals,* 7 Cal.3d 889, 892-893 [103 Cal.Rptr. 856, 500 P.2d 880]), but otherwise it corresponds generally in its foundation to the basis for such damages.[3] (See *Roedder* v. *Lindsley,* 28 Cal.2d 820, 822 [172 P.2d 353].)

---

[3]In a supplementary reply brief the wife contends for the first time that it is an unconstitutional deprivation of property to treat the husband's workers' compensation permanent disability award as his separate property. In view of the nature of the award and the separation of the spouses, we do not agree.

Furthermore, in view of the fact that the aforementioned Civil Code section 5126, subdivision (a)(2), makes such damages the separate property of the injured spouse, if they are received by the spouse while living separate from the other spouse, we see no reason why in fairness such a rule should not obtain with respect to a workers' compensation permanent disability award as well. (See Civ. Code, § 3511; cf. *In re Marriage of Jones, supra,* 13 Cal.3d at p. 464.) We so hold.

The interlocutory judgment of dissolution is affirmed in all respects.

Allport, Acting P. J., and Potter, J., concurred.