[Civ. No. 46375. Second Dist., Div. Two. Jan. 22, 1976.]

In re the Marriage of MARY P. and TOM A. ROBINSON.
MARY P. ROBINSON, Respondent, v.
TOM A. ROBINSON, Appellant.

**COUNSEL**

Kessler, Schneider & Downen and Robert E. Downen, for Appellant.

Fishman & George and Joseph M. Miller, for Respondent.

**OPINION**

**ROTH, P. J.**—Pursuant to an interlocutory judgment (judgment) dissolving a 20-year marriage entered in favor of Mary Robinson against her husband, Tom, Mary was awarded custody of two minor children aged at the time of judgment respectively 12 and 14, with a weekly support allowance for each of $12.50; spousal support was reserved and as her share of the community property a 50 percent division of a workers' compensation claim for a temporary total disability suffered from an industrial injury on March 11, 1969 from which Tom had not recovered in whole or in part. The total disability award was in effect at the time of the judgment.

Tom appeals from those portions of the judgment which treat the disability payments received after judgment as community property and which require him to pay $12.50 per week for the support of each of the two minor children.

The record shows without dispute that Mary was receiving by way of public assistance $280 per month for the support of herself and the two minors, and that said sum according to her declaration was $74 in excess of her need. Tom's income since just prior to and during the litigation and his potential income after judgment was and would be $87.50 per week. By reason of advances theretofore paid by the compensation insurance carrier made some time before judgment and presumably used by the community, the payments of weekly disability were to be postponed for a 15-week period after judgment before further payments were made to Tom.

Tom was at the time of judgment and there is nothing in the record to indicate that he is not still permanently disabled.

The judgment requiring Tom to pay one-half of $87.50 to Mary and $25 per week for child support left Tom approximately $19 per week with which to support himself.

All award payments made prior to dissolution were treated as community property.

■ The primary question presented is whether payments of award compensation to Tom *after* the entry of judgment retained their community character or were Tom's separate property.

Our Supreme Court in *In re Marriage of Jones* (1975) 13 Cal.3d 457, said at page 463 [119 Cal.Rptr. 108, 531 P.2d 420], directly confronting the ". . . years of vacillation caused by the effect of the community property law upon the doctrine of imputed contributory negligence . . ." proceeded to hold that "personal injury damages received during marriage are community property, but amounts received after dissolution are the separate property of the injured spouse."

The court in *Jones* at pages 462-463, discussing disability payments, *tied into payments for retirement* for disability, which is *not* the situation at bench said: "Disability pay, however, does not serve primarily as a

form of deferred compensation for past services. . . . So long as the marriage subsists, the veteran's reduced earnings work a loss to the community. But such community loss does not continue after dissolution; at that point the earnings or accumulations of each party are the separate property of such party. (Civ. Code, § 5119.) Then any diminution in earning capacity becomes the separate loss of the disabled spouse. . . . "

"Disability pay, consequently, compares to compensation for personal injury rather than to retirement pay. The right of an injured spouse to such compensation, under California law, is not a community asset, and thus not subject to division upon dissolution of the marriage. Although compensation actually recovered during the marriage is community property [citations] we held in *Washington* v. *Washington* (1956) 47 Cal.2d 249 [302 P.2d 569] that a cause of action for personal injuries which had not been reduced to judgment at the date of divorce became the separate property of the injured spouse."

*Jones* was followed by *In re Marriage of Loehr* (1975) 13 Cal.3d 464 [119 Cal.Rptr. 113, 531 P.2d 425], and *In re Marriage of Olhausen* (1975) 48 Cal.App.3d 190 [121 Cal.Rptr. 444].

Respondent argues that: Civil Code section 5126 explicitly mentions *damages* for personal injuries as the separate property of a spouse; a worker's disability is awarded to an employee regardless of fault; (Lab. Code, § 3207) and appellant's "damages" are not embraced within the definition of the word as it is used in section 5126. (Cf. *Estate of Simoni* (1963) 220 Cal.App.2d 339, 344 [33 Cal.Rptr. 845].) She also asserts that the temporary total disability benefits flow from insurance of employees arising from the employment relationship and the community therefore has a right to the benefits thereof. (Cf. Lab. Code, § 3700; *Waite* v. *Waite* (1972) 6 Cal.3d 461 [99 Cal.Rptr. 325, 492 P.2d 13].)

In *Russell* v. *Bankers Life Co.* (1975) 46 Cal.App.3d 405, 415-416 [120 Cal.Rptr. 627], the court stated: "There are two basic classifications of workmen's compensation disability benefits: temporary and permanent. Each type of benefit is designed to compensate for a different type of loss. 'Permanent disability is distinct from temporary. The primary element in temporary disability is the loss of wages, whereas loss of earning power is not a prerequisite to the right to permanent disability; permanent body impairment is the prime consideration in determining right to permanent disability.' [Citations] In other words, temporary

disability payments are a substitute for lost wages [citation] during the temporary disability period, while permanent disability is for permanent bodily impairment and is designed to indemnify for the insured employee's impairment of future earning capacity or 'diminished ability . . . to compete in [the] open labor market.' [Citations] Thus permanent disability is not based solely on loss of wages, but is based on actual incapacity to perform the tasks usually encountered in one's employment, and on physical impairment of the body that may or may not be incapacitating."

We think the reasoning in *Jones, supra,* implicitly rejects respondent's argument and leads to the inevitable conclusion that an award solely for disability, one which in no way involves retirement pay, is a community asset only during marriage and that when a judgment dissolving the marriage is entered, all disability payments made to the disabled spouse become the separate property of such spouse, and we so hold. (Cf. *In re Marriage of McDonald* (1975) 52 Cal.App.3d 509 [125 Cal.Rptr. 160].)

Since our conclusion that appellant's disability payments are his separate property effect a substantial change in appellant's ability to respond to the order made for child support, we do not consider said order to be an abuse of discretion.

The trial court is directed to vacate that part of the judgment which designates appellant's disability payments as community property and to provide that the disability payments payable after judgment are appellant's separate property. In all other respects the judgment is affirmed.

Fleming, J., and Beach, J., concurred.

A petition for a rehearing was denied February 19, 1976, and the opinion was modified to read as printed above.