[No. C009146. Third Dist. Jan. 30, 1992.]

In re the Marriage of RITA MARIE and EDWARD ELTON FISK.
RITA MARIE FISK, Appellant, v.
EDWARD ELTON FISK, Respondent.

**COUNSEL**

Karen Pedersen Stevens for Appellant.

John B. Lewis for Respondent.

**OPINION**

**SCOTLAND, J.**—The sole question raised in this appeal is whether the spouse of an injured person who, during their marriage, used community property to pay expenses resulting from the injury is entitled to reimbursement for his or her share of the community assets so expended when such reimbursement is sought from a workers' compensation permanent disability award received by the injured spouse after separation.

Appellant Rita Marie Fisk contends the workers' compensation permanent disability award respondent Edward Elton Fisk was to receive after their

separation should be considered community property because, for two years prior to separation, community savings were depleted and the community went into debt in order to pay expenses resulting from respondent's injury. Appellant argues the disability award should be characterized a community asset in order to offset community liabilities which arose from the injury.

Even if the award is respondent's separate property, appellant asserts "it is subject to an equitable claim for reimbursement to the community under Civil Code [section] 5126 . . . ." Subdivision (b) of this section provides that the marital partner of an injured spouse who uses community property to pay "expenses by reason of the spouse's personal injuries" is entitled to reimbursement of the community from the separate property of the injured spouse received under subdivision (a). Subdivision (a) provides that "[a]ll money or other property received or to be received by a person in satisfaction of a judgment for damages for personal injuries or pursuant to an agreement for the settlement or compromise of a claim for such damages is the separate property of the injured person if the cause of action for such damages arose as follows: [¶] (1) After the rendition of a decree of legal separation or a judgment of dissolution of a marriage. [¶] (2) While either spouse, if he or she is the injured person, is living separate from the other spouse."

In appellant's view, "there appears to be no rational reason to treat Workers' Compensation awards any differently than other personal injury awards." It follows, she argues, that the reimbursement provision of Civil Code section 5126, subdivision (b), should apply to a workers' compensation permanent disability award received by the injured spouse after separation. Otherwise, she says, "To allow Respondent to, in effect, deplete the community as a result of his accident and then to keep any Workers' Compensation lump sum award in its entirety, would, in Appellant's view, be a gross injustice to the community."

Despite their superficial appeal, these contentions fail because, as we shall explain, (1) a workers' compensation permanent disability award received after separation compensates the injured person for future loss of earning capacity and thus is that person's separate property, and (2) by its terms, Civil Code section 5126 does not apply because respondent's workers' compensation claim did not arise *after* the parties separated and, in any event, the Legislature did not include workers' compensation permanent disability awards within the scope of the section's reimbursement requirement. In effect, appellant asks us to expand Civil Code section 5126 beyond the scope established by the Legislature. This we may not do. ■ "It is for the Legislature, not the courts, to pass upon the social wisdom of such an

enactment. And, if there is a flaw in the statutory scheme, it is up to the Legislature, not the courts, to correct it." (*Neighbours* v. *Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 334 [265 Cal.Rptr. 788].)

## FACTS

The parties entered into a marital settlement agreement as to all issues except characterization and allocation of the workers' compensation permanent disability award respondent was about to receive.

Appellant's statement of issues filed with the trial court asserted that respondent suffered an employment-related injury two years prior to the parties' separation and was off work for about seven months. Although appellant was employed, her income alone was not sufficient to meet the family's living expenses. Thus, the parties took out a second mortgage on their home. Approximately $14,000 of the loan was used to pay off old bills and meet family living expenses during the time respondent was off work. In addition, the parties depleted their savings by about $9,000 to meet these expenses. Appellant understood that the parties intended to use respondent's workers' compensation permanent disability award to help pay off the $35,000 mortgage. However, the parties separated before receiving the disability award.[1]

Appellant sought a portion of the permanent disability award based on two theories: (1) the award is a community asset, and (2) even if it is respondent's separate property, the award is subject to a claim by the community to obtain reimbursement for the approximately $23,000 of community funds used to pay off old debts and expenses resulting from respondent's injury. (Citing Civ. Code, § 5126.)

The trial court ruled in respondent's favor, concluding that the award was his separate property and that Civil Code section 5126 applies only to judgments or agreements for settlement or compromise in a personal injury action at law. The court stated: "I'm satisfied that [if] the Legislature intended to include Workers['] Compensation benefits within the ambit of [section] 5126, it knew how to do so and would not have used the terms that are commonly used to describe the third party claims and not Worker[s'] Compensation claims. [¶] The Court also—is also satisfied, another distinguishing feature, Workers['] Compensation [is] meant to restore to the

---

[1]Although appellant suggested the parties had agreed to use the permanent disability award to pay off the second mortgage, she did not introduce any evidence that they had so contracted and did not rely on a contract theory in the trial court to support her claim for reimbursement. Thus, she has waived any claim of entitlement based on contract principles.

injured worker a value in the marketplace for labor of which he has lost by reason of his injury, and in that sense, it is . . . only prospective, diminished value in the labor market."

This appeal followed.

## DISCUSSION

## I

Appellant contends the trial court erred in ruling that she was not entitled to a portion of the workers' compensation permanent disability award respondent was to receive after the parties' separation. She argues the award should be a community asset in order to offset community liabilities which arose when community savings were depleted and the community went into debt in order to pay expenses resulting from respondent's injury. We disagree.

It is well settled that a workers' compensation permanent disability lump sum award received after a marital separation is the injured party's separate property. (*In re Marriage of McDonald* (1975) 52 Cal.App.3d 509, 510 [125 Cal.Rptr. 160]; see also *In re Marriage of Wright* (1983) 140 Cal.App.3d 342, 344-345 [189 Cal.Rptr. 336]; *In re Marriage of Robinson* (1976) 54 Cal.App.3d 682, 686 [126 Cal.Rptr. 779].) This is so because the award is neither a form of deferred compensation for past services nor a substitute for lost wages; the purpose underlying the separate property treatment of a workers' compensation award paid after separation is that it is "compensation for future loss of earnings, not payment for services previously performed." (*In re Marriage of Wright, supra,* 140 Cal.App.3d at p. 345; see *In re Marriage of Jones* (1975) 13 Cal.3d 457, 459, 462-463 [119 Cal.Rptr. 108, 531 P.2d 420]; *Russell* v. *Bankers Life Co.* (1975) 46 Cal.App.3d 405, 415-416 [120 Cal.Rptr. 627].) As explained in *Russell,* "There are two basic classifications of workmen's compensation disability benefits: temporary and permanent. Each type of benefit is designed to compensate for a different type of loss. '. . . The primary element in temporary disability is the loss of wages, whereas . . . permanent body impairment is the prime consideration in determining right to permanent disability.' In other words, temporary disability payments are a substitute for lost wages during the temporary disability period, while permanent disability . . . is designed to indemnify for the [injured person's] impairment of future earning capacity or 'diminished ability . . . to compete in [the] open labor market.' " (46 Cal.App.3d at pp. 415-416, citations and footnote omitted.)

That the community suffered a loss by depleting its resources and incurring debt to make up for respondent's lost earning power prior to

separation does not convert the postseparation permanent disability award into a community asset. "So long as the marriage subsists, the [injured spouse's] reduced earnings works a loss to the community. But such community loss does not continue after dissolution; at that point the earnings or accumulations of each party are the separate property of such party. (Civ. Code, § 5119.) Then any diminution in earning capacity becomes the separate loss of the disabled spouse." (*In re Marriage of Jones, supra*, 13 Cal.3d at p. 462; disapproved on another point in *In re Marriage of Brown* (1976) 15 Cal.3d 838, 851, fn. 14 [126 Cal.Rptr. 633, 544 P.2d 561, 94 A.L.R.3d 164].) Therefore, a workers' compensation permanent disability award received after separation is not a community asset. (*Id.*, at p. 462.)[2]

▇▇▇ Appellant asks us to depart from this settled law because, in her view, *McDonald* (the first case to hold that a postseparation permanent disability award is the injured spouse's separate property) no longer is controlling. She contends the *McDonald* holding is suspect because it relied in part on *In re Marriage of Jones, supra*, 13 Cal.3d 457, and the California Supreme Court later questioned a portion of the *Jones* analysis. (Citing *In re Marriage of Stenquist* (1978) 21 Cal.3d 779, 785-787 [148 Cal.Rptr. 9, 582 P.2d 96].) We disagree with appellant's assessment.

In *Jones*, the Supreme Court held that a disabled spouse's right to a military disability pension acquired before he had earned a vested right to ordinary retirement pay was that spouse's separate property. (13 Cal.3d at pp. 462-464.) According to the court, disability payments compensate the disabled veteran for loss of pay caused by premature retirement and for the veteran's diminished ability to compete in the civilian job market. (*Id.*, at p. 462.) Since the veteran in *Jones* retired before his right to a "retirement" pension vested, the court concluded that his acceptance of "disability" pay did not affect any present community asset. (*Id.*, at p. 461.) A year later, the Supreme Court held that pension rights, whether vested or not, constitute a property interest and that, to the extent such rights derive from employment during marriage, they are community assets. (*In re Marriage of Brown, supra*, 15 Cal.3d at p. 838.) Then, in *In re Marriage of Stenquist, supra*, 21 Cal.3d 779, the court held that where a veteran continued to work after his disabling injury, his election years later to take a disability pension rather than a retirement pension cannot be used to defeat his spouse's community interest in that portion of the benefit which was based on longevity of service and rank at retirement rather than on the disability. (*Id.*, at pp. 786-788; see also *In re Marriage of Saslow* (1985) 40 Cal.3d 848, 856-862 [221 Cal.Rptr. 546, 710 P.2d 346].)

---

[2]We are not presented with, and do not decide, the question whether a workers' compensation permanent disability award received *prior* to separation is a community asset.

Contrary to appellant's suggestion, *Stenquist* does not stand for the proposition that all disability payments received after separation are community property. The case holds only that the portion of a disability pension which is attributable to employment longevity rather than to the disability is akin to a retirement pension and thus is community property. (21 Cal.3d at pp. 782, 784-785; see *In re Marriage of Lawson* (1989) 208 Cal.App.3d 446, 450-451 [256 Cal.Rptr. 283]; *In re Marriage of Wright* (1983) 140 Cal.App.3d 342, 345 [189 Cal.Rptr. 336]; *In re Marriage of Flockhart* (1981) 119 Cal.App.3d 240, 243 [173 Cal.Rptr. 818].) Hence, *Stenquist* does not undermine *McDonald* and other cases which recognize that a workers' compensation permanent disability award received after separation is the injured spouse's separate property.

Here, unlike in *Stenquist*, respondent has no choice in the nature of the benefit he is to receive. Nor does he obtain any excess payment by way of retirement support "attributable to employment during marriage." (21 Cal.3d at p. 791.) The award is solely the consequence of an employment-related injury, in no way involving retirement pay for services rendered. The trial court correctly held that the workers' compensation permanent disability award is respondent's separate property.

## II

In what appears to be an issue of first impression, appellant contends that, if the workers' compensation award is respondent's separate property, she nonetheless is entitled to a portion of the award as reimbursement to the community for monies it had to expend due to respondent's injury. In support of her claim, appellant relies on Civil Code section 5126, which requires reimbursement from the proceeds of the injured spouse's separate property recovery in a personal injury action at law.[3] According to appellant, there is no rational reason to treat a workers' compensation permanent disability award differently than a personal injury award in an action at law.

[3]Civil Code section 5126 provides in pertinent part:

"(a) All money or other property received or to be received by a person in satisfaction of a judgment for damages for personal injuries or pursuant to an agreement for the settlement or compromise of a claim for such damages is the separate property of the injured person if the cause of action for such damages arose as follows: [¶] (1) After the rendition of a decree of legal separation or a judgment of dissolution of a marriage. [¶] (2) While either spouse, if he or she is the injured person, is living separate from the other spouse. . . .

"(b) Notwithstanding subdivision (a), if the spouse of the injured person has paid expenses by reason of the spouse's personal injuries from his or her separate property or from the community property, he or she is entitled to reimbursement of his separate property or the community property for such expenses from the separate property received by his or her spouse under subdivision (a). . . ."

Further statutory references are to the Civil Code unless otherwise specified.

Granted, a workers' compensation permanent disability award compensates the injured spouse for pain and personal suffering caused by the disability. (*Stenquist, supra,* 21 Cal.3d at p. 787.) In this respect, the award "compares to compensation for personal injury . . . ." (*Jones, supra,* 13 Cal.3d at p. 462.) However, this purpose is only secondary to the primary function of the award which is to compensate the injured spouse for impairment of future earning capacity and diminished ability to compete in the labor market. (*Ibid.; Russell* v. *Bankers Life Co., supra,* 46 Cal.App.3d at pp. 415-416.) Moreover, workers' compensation is awarded without regard to fault. (Lab. Code, § 3600.) Thus, a workers' compensation permanent disability award is distinguishable from a personal injury recovery at law.

We must presume that, when it enacted section 5126, the Legislature was aware of the distinction between a workers' compensation permanent disability award and a personal injury recovery at law. (*People* v. *Silverbrand* (1990) 220 Cal.App.3d 1621, 1628 [270 Cal.Rptr. 261].) Therefore, it is significant the Legislature applied the section's reimbursement requirement only to judgments and settlements in personal injury actions at law. As noted in *In re Marriage of Robinson, supra,* 54 Cal.App.3d at page 685, the section refers to *damages* recovered for personal injuries, whereas a workers' compensation disability benefit is awarded to the injured employee regardless of fault. Thus, a disability award cannot be embraced within the term "damages" used in section 5126's reimbursement requirement.

■ In interpreting the scope of section 5126, we must defer to the usual, ordinary import of the language employed; if the words of the statute are clear, we should not add to or alter them to accomplish a purpose which is not expressed by the legislation. (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856].) ■ The expression of certain things in a statute necessarily involves exclusion of other things not expressed. (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1391, fn. 13 [241 Cal.Rptr. 67, 743 P.2d 1323].)

■ These principles of statutory construction compel us to conclude that the reimbursement requirement of section 5126 has no application to workers' compensation permanent disability awards received after marital separation. As the trial court correctly noted, had the Legislature wanted to include such awards within the ambit of the statute, it easily could have done so.

Appellant's claim fails for another reason. The reimbursement requirement of section 5126 applies only to a recovery for personal injuries where the cause of action arose *after* the parties separated or *after* a decree of

dissolution. ██ ██ Here, respondent's injury claim arose *before* the parties separated and sought a judgment of dissolution.[4]

## III

Appellant complains that without reimbursement she will suffer an inequitable result. In her words, "To allow Respondent to, in effect, deplete the community as a result of his accident and then to keep any Workers' Compensation lump sum award in the entirety would . . . be a gross injustice to the community."

This observation constitutes nothing more than an attack on the wisdom of the legislative scheme which limits the circumstances in which compensation an injured spouse receives for his or her injuries can be tapped to reimburse the community for expenses it bore as a result of that spouse's injury. To the extent appellant's criticism may have merit, it should be addressed to the Legislature, not the courts. (*Williams* v. *County of San Joaquin* (1990) 225 Cal.App.3d 1326, 1334 [275 Cal.Rptr. 302].)

DISPOSITION

The judgment is affirmed.

Puglia, P. J., and Marler, J., concurred.

---

[4]At oral argument, appellant raised for the first time in this litigation the claim that she is entitled to a portion of respondent's workers' compensation permanent disability award pursuant to section 4800, subdivision (b)(4), which governs the division of "community estate personal injury damages." Appellant has waived this contention by waiting until oral argument to raise it. (Cf. *Panopulos* v. *Maderis* (1956) 47 Cal.2d 337, 340-341 [303 P.2d 738]; *People* v. *Adams* (1990) 216 Cal.App.3d 1431, 1441, fn. 2 [265 Cal.Rptr. 568].) Moreover, the claim has no merit. Section 4800, subdivision (b)(4), applies to "all money or other property received or to be received by a person in satisfaction of a judgment for damages for his or her personal injuries or pursuant to an agreement for the settlement or compromise of a claim for the damages, if the cause of action for the damages arose during the marriage but is not separate property as defined in Section 5126, unless the money or other property has been commingled with other assets of the community estate." By its language, section 4800, subdivision (b)(4)—like section 5126—applies only to personal injury awards in actions at law. Because, as discussed in part II of this opinion, a workers' compensation permanent disability award is not a satisfaction of judgment for damages in an action at law, or a settlement or compromise of a claim for damages in an action at law, section 4800, subdivision (b)(4) has no application to respondent's award.