[No. E049310. Fourth Dist., Div. Two. Apr. 14, 2011.]

In re the Marriage of FLORA S. and GEORGE L. RUIZ.
FLORA S. RUIZ, Appellant, v.
GEORGE L. RUIZ, Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part 4. of the Discussion.

**COUNSEL**

Brian G. Thorne for Appellant.

Ronald G. Parker for Respondent.

**OPINION**

**McKINSTER, J.**—Appellant Flora S. Ruiz (wife) and respondent George L. Ruiz (husband) were married on March 17, 1973, and separated on March 18, 2005. Judgment was entered on July 28, 2009, following a trial on disputed property issues. Wife appeals, raising two issues.

The first issue presented on appeal pertains to the trial court's apportionment of a lump-sum payout of workers' compensation benefits wife received approximately three years before their separation. Wife contends that the trial court erred by applying the general presumption that property acquired during marriage is community property, by placing the burden on her to produce evidence that the payout was separate property, and by devising a scheme of

apportioning the funds in the absence of any evidence supporting the scheme. Wife also contends that the trial court erred in awarding husband $32,800 in so-called *Epstein* credits. (*In re Marriage of Epstein* (1979) 24 Cal.3d 76 [154 Cal.Rptr. 413, 592 P.2d 1165] (*Epstein*).)

We find no error in the court's characterization of the workers' compensation award as partially community property and partially separate property and no abuse of discretion as to its apportionment of the award. We will, however, reverse the judgment with respect to the award of *Epstein* credits.

## DISCUSSION[1]

### 1.

### THE TRIAL COURT CORRECTLY CHARACTERIZED THE WORKERS' COMPENSATION AWARD AS PARTIALLY COMMUNITY PROPERTY AND PARTIALLY SEPARATE PROPERTY

#### A.

#### Summary of Issue

■ In *Raphael v. Bloomfield* (2003) 113 Cal.App.4th 617 [6 Cal.Rptr.3d 583], the court held that where a spouse receives a lump-sum workers' compensation permanent disability award before separation, the award is community property only to the extent that the award is intended to compensate for the injured spouse's reduced earnings during the marriage before separation, and/or for injury-related expenses paid with community funds. The remainder of the award is the separate property of the injured spouse, in that it is intended to compensate for the injured spouse's diminished earning capacity and/or medical expenses, which continue after the separation. (*Id.* at pp. 622–624.)

In this case, wife suffered a work-related injury in 1992 which left her permanently disabled and unable to work after March 1993. In April 2002, approximately three years before the parties separated, wife received a

---

[1] Because of the limited nature of the issues raised on appeal, we omit recitation of the facts except those which are material to each of the issues.

lump-sum workers' compensation permanent disability settlement for that injury in the amount of $250,000. After deduction of attorney's fees and medical expenses, the net payout was $172,364. Wife contended that *Raphael v. Bloomfield, supra,* 113 Cal.App.4th 617 creates an exception to the rebuttable presumption, provided for in Family Code section 760, that all property acquired during the course of a marriage is community property, and instead creates a rebuttable presumption that the award is the separate property of the injured spouse, thus placing the burden on the noninjured spouse to produce evidence as to how the award was allocated between compensation for loss of past income and compensation for loss of future earning capacity.[2] Accordingly, she contended, it was husband's burden to prove that some portion of the award was community property. Neither party could produce any evidence as to how the award was allocated between compensation for wife's reduced earnings during the marriage and/or expenditure of community funds as a result of her injury and compensation for wife's future loss of income.

The trial court agreed that under *Raphael v. Bloomfield, supra,* 113 Cal.App.4th 617, only that portion of the award which compensated wife for her lost earnings during the marriage was community property. However, it applied the general rule that a party who claims that property acquired during marriage is separate property has the burden of proof on that issue. It found that wife had not met her burden to prove how much of the award was separate property. It applied a formula suggested by husband to apportion the award between separate and community property.

On appeal, wife contends, first, that under *Raphael v. Bloomfield, supra,* 113 Cal.App.4th 617 (hereafter sometimes *Raphael*), the entire workers' compensation award was her separate property unless there is evidence that a portion of the award was intended to compensate for lost earnings during the marriage or for injury-related expenses paid by the community. She contends that there was no evidence which supports the conclusion that any portion of the award was so intended.

### B.

### Standard of Review

A trial court's reading of decisional law entails the resolution of a pure question of law, in that it " 'relate[s] to the selection of a rule.' [Citation.]"

---

[2] Family Code section 760 provides, "Except as otherwise provided by statute, all property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in this state is community property."

(*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 860 [107 Cal.Rptr.2d 841, 24 P.3d 493].) "[T]o make an application of decisional law . . . entails the resolution of a mixed question of law and fact that is predominantly one of law, inasmuch as it 'requires a critical consideration, in a factual context, of legal principles and their underlying values' rather than merely 'experience with human affairs.' [Citation.]" (*Ibid.*) The court's application of decisional law is reviewed de novo: "There is no discretion to adopt a reading, or make an application, of decisional law that is inconsistent with the law itself. [Citation.]" (*Ibid.*)

## C.

### Analysis

■ In *In re Marriage of Jones* (1975) 13 Cal.3d 457 [119 Cal.Rptr. 108, 531 P.2d 420], the California Supreme Court held that periodic disability retirement payments which are received during a marriage are community property, in that they compensate the community for loss of income that the injured spouse would otherwise have earned, while periodic disability payments received after separation are the separate property of the injured spouse because those payments are intended to compensate the injured spouse alone for his or her diminished earning capacity: "So long as the marriage subsists, the [injured spouse's] reduced earnings works a loss to the community. But such community loss does not continue after dissolution; at that point the earnings or accumulations of each party are the separate property of such party. [Citation.] Then any diminution in earning capacity becomes the separate loss of the disabled spouse." (*Id.* at p. 462.) The court went on to hold that "[s]ince disability pay serves primarily to compensate the disabled [spouse] for current suffering and lost earning capacity, we conclude that only such payments as are received during the marriage constitute a community asset. The [disabled spouse's] right to payments subsequent to dissolution is his separate and personal right." (*Id.* at p. 464.)

■ In *In re Marriage of McDonald* (1975) 52 Cal.App.3d 509 [125 Cal.Rptr. 160], relying on *In re Marriage of Jones, supra,* 13 Cal.3d 457, the court held that a lump-sum disability payment received by the husband after separation was the husband's separate property. (*In re Marriage of McDonald, supra,* at pp. 510–513; accord, *In re Marriage of Fisk* (1992) 2 Cal.App.4th 1698, 1703–1705 [4 Cal.Rptr.2d 95].)

■ In *Raphael v. Bloomfield, supra,* 113 Cal.App.4th 617, the court addressed the issue which is now before us, i.e., whether a lump-sum workers' compensation permanent disability award which is received during the marriage is the separate property of the disabled spouse. After discussing

*In re Marriage of Jones, supra*, 13 Cal.3d 457 and *In re Marriage of McDonald, supra*, 52 Cal.App.3d 509, the court pointed out that the *timing* of the award is unrelated to the *purpose* of the award: "An injured spouse who receives a lump sum award the day before a marital separation has the same diminished earning capacity, and the same need for compensation to offset that diminished earning capacity, as he or she would have if the award were received the day after the separation. Yet were we to hold that the award is community property if it is received the day before the separation, the purpose of the workers' compensation award would be thwarted because the injured spouse would not be compensated adequately for his or her diminished future earning capacity. Moreover, if an award received the day before separation were to be deemed community property, the noninjured spouse would receive a windfall because only a portion, if any, of the award is intended to compensate for a loss to the community." (*Raphael*, at p. 624.) Consequently, the court concluded, there is no logical reason to treat a lump-sum workers' compensation award differently depending on whether it was received before or after separation. Rather, the court held, "notwithstanding the section 760 community property presumption," "only that portion of a workers' compensation permanent disability award received before a marital separation that is intended to compensate for the injured spouse's reduced earnings *during the marriage* (before separation), or for injury-related expenses paid with community funds, constitutes community property. The remainder of any such award is the separate property of the injured spouse." (*Id.* at pp. 623, 624.)

█ Wife interprets *Raphael* to mean that there is a presumption that the entirety of a workers' compensation permanent disability award is separate property, regardless of when it is received, and that the burden is on the nondisabled spouse to prove otherwise. This is perhaps a fair reading of *Raphael*'s statement that "notwithstanding the section 760 community property presumption," only that portion of the award which is intended to compensate for the disabled spouse's reduced earnings during the marriage is community property. (*Raphael, supra*, 113 Cal.App.4th at pp. 623, 624.) If that is indeed what *Raphael* intended, however, we disagree, because it is contrary to the legislatively expressed policy that all property acquired during marriage is presumed to be community property. (Fam. Code, § 760.)
█ However, despite its emphasis on the limitations on the community's claim on an injured spouse's disability compensation, we presume that the *Raphael* court intended only to hold, consistent with the California Supreme Court's analysis in *In re Marriage of Jones, supra*, 13 Cal.3d 457, on which it relied, that a lump-sum disability payment received during marriage is at

least in part community property because it is intended, at least in part, to compensate the community for the loss of the injured spouse's earnings. (*In re Marriage of Jones*, at pp. 462, 464; *Raphael*, at pp. 623–624.)

■ Here, because one purpose of a permanent disability award is to compensate for lost earnings, the mere fact that the award was received three years before the parties separated mandates the conclusion that some portion of the award compensated for earnings lost during the marriage. (See *In re Marriage of Jones, supra*, 13 Cal.3d at p. 462.) Thus, the trial court's characterization of the award as partially community property and partially separate property was correct.[3]

**2.**

### THE TRIAL COURT'S DETERMINATION THAT THE AWARD WAS PARTIALLY COMMUNITY PROPERTY AND PARTIALLY SEPARATE PROPERTY REQUIRED THE COURT TO DEVISE AN EQUITABLE METHOD OF APPORTIONMENT

Wife contends that because the workers' compensation award was presumptively her separate property, husband bore the burden of proof that any portion of it was community property. She contends that because he failed to produce any evidence which tended to prove what portion of the award, if any, was intended to compensate for loss of earnings during the marriage or injury-related expenses paid for by the community, the trial court was required to find that the entire award was her separate property. She contends that the trial court erred by placing the burden instead on her to prove that *none* of the award was intended to compensate the community for reduced earnings during the marriage.

■ Which party bears the burden of proving whether some portion of a permanent disability award is community or separate property is a question which pertains solely to the issue of characterization of the award. (*In re*

---

[3] Courts often apply the substantial evidence standard of review to questions of characterization of property. (See *In re Marriage of Rossin* (2009) 172 Cal.App.4th 725, 734 [91 Cal.Rptr.3d 427].) However, when the resolution of the issue " 'requires a critical consideration, in a factual context, of legal principles and their underlying values,' " the issue is a mixed question of law and fact in which legal issues predominate, and de novo review applies. (*In re Marriage of Lehman* (1998) 18 Cal.4th 169, 184 [74 Cal.Rptr.2d 825, 955 P.2d 451].) Here, under either standard, we affirm the trial court's finding that the award was partially community property and partially separate property.

*Marriage of Lehman, supra*, 18 Cal.4th at p. 180.)[4] Apportionment of the award between community and separate property is a separate issue. (18 Cal.4th at p. 180.) Once the trial court has determined that the award is partially community property and partially separate property, it becomes the court's responsibility to determine an appropriate method of apportionment. (*Id.* at p. 187.) In doing so, the court may use any method which fairly apportions the asset or its value between community and separate property interests. (*Ibid.*) Because it is the court's obligation to make an equitable apportionment, neither party has the burden of proof in the sense that a failure of proof will result in an award of the asset in its entirety to the other party. Accordingly, any failure of proof by husband in this case does not result in a default ruling that the award is entirely wife's separate property.

**3.**

## THE COURT'S METHOD OF APPORTIONMENT
## WAS NOT AN ABUSE OF DISCRETION

In *Raphael, supra*, 113 Cal.App.4th 617, the workers' compensation compromise and release stated that the wife had been paid for all periods of temporary disability and had received a specified sum in permanent disability payments through the date of the parties' separation approximately eight months before the wife's receipt of the lump-sum award. The lump-sum award deducted the amount of permanent disability payments already received. Thus, the award documents themselves provided sufficient evidence that "only a small fraction" of the award—i.e., eight months' worth—represented disability payments which otherwise would have been paid before the parties separated and that the remainder was intended to constitute future disability and pension payments. The appellate court remanded the matter to the trial court to determine the proper apportionment, based on that evidence. (*Id.* at pp. 625–627.)

Here, in contrast, the documents make no reference to wife having received any prior temporary disability payments or to any apportionment as to amounts attributable to past or future lost earnings or earning potential or past

---

[4] The principle established in *Raphael, supra*, 113 Cal.App.4th 617, that a workers' compensation permanent disability award is community property to the extent that it is intended to compensate the community for lost earnings during the marriage but is otherwise separate property effectively makes the workers' compensation award analogous to the pension benefits discussed in *In re Marriage of Lehman, supra*, 18 Cal.4th 169, at least in the sense that if the right to either benefit accrues during the marriage, the benefit is at least partly community property. (See *id.* at pp. 179, 183.) Consequently, we apply to allocation of the workers' compensation award the same general principles which apply to the allocation of pension benefits between community and separate property interests.

or future medical expenses. Husband testified that wife did not receive any temporary workers' compensation disability payments as far as he knew; wife did not testify that she did receive any temporary workers' compensation disability payments or any workers' compensation payment except for the lump-sum payment. There was no other evidence bearing on the issue. In the absence of any such evidence, the trial court determined that it was appropriate to apportion the award pro rata between the period wife was disabled during the marriage and her remaining working life after the separation, based on her salary at the time of her injury and the assumption that she would have retired at age 62.5 if she had continued working. This resulted in a determination that $103,033 of the award was community property and $71,311 was wife's separate property.

Wife contends that this allocation is arbitrary, in part because the assumptions on which it was based, i.e., her age at retirement had she continued working and the salary she would have been receiving during the years after the date of her injury, are not based on any evidence. However, although wife made the same argument below, she did not suggest an alternative allocation scheme, nor does she point to any evidence which would have supported a different allocation scheme. (As she does on appeal, wife contended below solely that the workers' compensation award was entirely her separate property.) Moreover, she has not shown that any alternative scheme would have resulted in an allocation more favorable to her and has consequently not met her burden on appeal of demonstrating any prejudice which resulted, assuming that there was error. (See *In re Marriage of McLaughlin* (2000) 82 Cal.App.4th 327, 337 [98 Cal.Rptr.2d 136] [appellant must demonstrate prejudice in order to prevail on appeal].)

In any event, in apportioning such assets between community and separate property, the trial court has the discretion to use any method which is reasonable and which fairly apportions the value of the asset. (*In re Marriage of Lehman, supra,* 18 Cal.4th at p. 187.) We review the apportionment solely for abuse of discretion (*ibid.*), and we are not persuaded that the formula the court used was an abuse of discretion.

■ A workers' compensation award for permanent disability is intended to compensate the worker for lost or diminished earning capacity from the time the injury becomes permanent and stable to the end of the worker's working life. (Lab. Code, § 4650 et seq.; *Raphael, supra,* 113 Cal.App.4th at p. 625, fn. 6; *City of Martinez v. Workers' Comp. Appeals Bd.* (2000) 85 Cal.App.4th 601, 608–609 [102 Cal.Rptr.2d 588].) Although it would be

expected that wife would have received temporary workers' compensation benefits during her disability period prior to the determination that she was permanently disabled (see *City of Martinez v. Workers' Comp. Appeals Bd.*, at pp. 608–609), there is no evidence that she did receive any temporary workers' compensation disability benefits. Consequently, we cannot say that it was an abuse of discretion to conclude that the permanent disability lump sum was intended as wife's full compensation under her workers' compensation claim and to apportion the award as the trial court did, i.e., pro rata from the date of wife's injury to the date of separation as community property and the balance as her separate property.

*In re Marriage of Heiner* (2006) 136 Cal.App.4th 1514 [39 Cal.Rptr.3d 730], on which wife relies, is distinguishable. The issue in that case was whether the court could allocate any portion of a lump-sum personal injury award as income for purposes of determining child support. The trial court held that it could not, in that the award was based on multiple elements of damages, including pain and suffering, and there was no special verdict allocating it among the various elements. The Court of Appeal agreed that there was no basis upon which to determine whether any portion of the award was for lost income and could thus be characterized as income for purposes of child support. (*Id.* at pp. 1517–1518, 1522–1526.) Thus, although *In re Marriage of Heiner* speaks in terms of the court's inability to allocate the personal injury award between income and nonincome compensation, the issue is really whether the court could *characterize* any portion of the undifferentiated award as income. In this case, in contrast, the fact that the award was received during the marriage means that the award was in part community property as a matter of law, and that the court was required to devise an equitable means of apportioning it. (*In re Marriage of Lehman, supra*, 18 Cal.4th at p. 187.)

Accordingly, finding no abuse of discretion, we will affirm the apportionment of the workers' compensation award.

### 4.

### *EPSTEIN* CREDITS[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is reversed with respect to the award of credits to respondent George L. Ruiz pursuant to *In re Marriage of Epstein, supra*, 24 Cal.3d 76.

---

[*]See footnote, *ante*, page 348.

The cause is remanded to the trial court to determine the equitable division of community property upon deletion of the award of *Epstein* credits. The judgment is otherwise affirmed.

Costs on appeal are awarded to appellant Flora S. Ruiz.

Hollenhorst, Acting P. J., and Richli, J., concurred.