Filed 3/15/24  Marriage of Ferris CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re the Marriage of MINH NGOC THI FERRIS and MICHAEL ANTHONY FERRIS | |
| MINH NGOC THI FERRIS,<br><br>        Respondent,<br><br>v.<br><br>MICHAEL ANTHONY FERRIS,<br><br>        Respondent;<br><br>LORIE WILLIAMS,<br><br>        Appellant. | A165952<br><br><br><br>(Alameda County<br>Super. Ct. No. AF13686594) |

By statute, a couple's community property is liable for any debts either spouse incurred before or during the marriage. (Fam. Code, § 910.)[1]  Also by statute, contractual debts are " 'incurred' " in this context "at the time the contract is made." (§ 903.)  Taken together, these provisions compel the conclusion that an award of contractual attorney fees is a community debt if the debtor spouse entered the contract containing the fee

_____

[1] Undesignated statutory references are to the Family Code.

1

provision before marriage, without regard to when the contract was breached, the breach was litigated, or the fees were awarded. Here, accordingly, respondent Michael Ferris's obligation to pay attorney fees arising from a contract he entered with appellant Lorie Williams before his marriage to Minh Ngoc Thi Ferris is a community debt, even though the fees were awarded after the couple separated. We reverse.

## BACKGROUND

### A.

In 2005, Ferris and Williams entered into a contract related to a real estate transaction. The contract provided that "[s]hould litigation become necessary to enforce the terms of this Agreement, the prevailing party therein shall be entitled to recover all of his attorney's fees and costs, including expert costs."

Their venture fell apart and, as happens, litigation ensued. In October 2012, Williams sued Ferris; Ferris countersued. In July 2013, the court dismissed the cross-complaint after Ferris failed to amend following a successful demurrer. The court entered judgment for Williams on the cross-complaint, deemed her the prevailing party, and, in September 2013, awarded her $29,975 in attorney fees. Williams dismissed her complaint against Ferris in July 2013.

Meanwhile, Ferris and Minh[2] married in 2009, almost three years before Williams sued Ferris. The couple legally separated in June 2013, while the litigation was pending, and Minh filed for divorce a month later.

---

[2] To avoid confusion, we refer to Ms. Ferris by her first name.

## B.

In 2021, Williams successfully moved to intervene in the Ferris's still-ongoing divorce action. Her complaint for joinder sought a declaratory judgment that surplus funds remaining after the couple's former home had been sold at foreclosure were community property, and were therefore available to satisfy Ferris's judgment debt.

One of the disputed issues at trial – the only one presented in this appeal – was whether Ferris's debt to Williams was his separate obligation or was owed by the community. Minh asserted it was the former because (1) Ferris's venture with Williams occurred before the marriage and did not benefit the community; and (2) the attorney fees were awarded after the couple's date of separation. The family court agreed, reasoning the fee award was "not a contract debt" because, when the contract was executed, any obligation to pay attorney fees was contingent on future events. Since the obligation to pay fees arose only after the date of separation, when the court in the Williams-Ferris litigation issued the fee award, the debt was Ferris's separate obligation and could not be charged to the community. The court further noted the debt "was not for the common necessaries of life of either spouse or the children of the marriage."

## DISCUSSION

Who is liable on a debt for contractual attorney fees arising from litigation on a contract entered by one spouse before the marriage and awarded after the marriage's demise? Addressing this question of statutory interpretation de novo (see *People* v. *Tran* (2015) 61 Cal.4th 1160, 1166; *In re Marriage of Ruiz* (2011) 194 Cal.App.4th 348, 356, fn. 3), we conclude the debt belongs to the community.

3

We begin with the controlling statutory language. Under section 910, subdivision (a), "[e]xcept as otherwise expressly provided by statute, the community estate is liable for a debt incurred by either spouse before or during marriage, regardless of which spouse has the management and control of the property and regardless of whether one or both spouses are parties to the debt or to a judgment for the debt." Section 903, in turn, states that a contractual debt is incurred "at the time the contract is made." Accordingly, the community estate is liable for a spouse's breach of a contract he or she entered into before or during the marriage. (§§ 903, 910; *In re Marriage of Feldner* (1995) 40 Cal.App.4th 618, 622 (*Feldner*) ["section 903 is oblivious to the time of *performance* of a contract"]; *In re Marriage of Nassimi* (2016) 3 Cal.App.5th 667, 685-686 (*Nassimi*).)

Here, the fee award in the Williams-Ferris litigation unquestionably arose from the attorney fee provision in their 2005 contract. Nonetheless, the family court concluded it was "not a contract debt" because "[a]t the time the contract was formed, any obligation to pay attorney fees was speculative and contingent on future events. The obligation to pay did not arise until the Santa Clara County court ordered [Ferris] to pay them, and the issuance of [that] order is the event that triggered the debt."

*Feldner, supra,* 40 Cal.App.4th at pages 620-622, explains why this was error. During his marriage, contractor William Feldner entered an agreement with the Allens to build their home. After he and his wife separated, Feldner breached the agreement by failing to complete the project as agreed. (*Id.* at p. 621.) His wife contended the potential liability from the Allens' ensuing lawsuit was William's separate debt because he " 'incurred' " it after their separation by discontinuing his work on the project. (*Id.* at p. 622.)

4

The court rejected her contention. "As written, section 903 is oblivious to the time of *performance* of a contract. The statute does not say that a contract debt is incurred when a contract is broken, or incurred when it is to be substantially performed, or anything like that. It says that a contract debt is 'incurred' when the contract is 'made.' When read together with section 910, subdivision (a) ['Except as otherwise expressly provided by statute, the community estate is liable for a debt incurred by either spouse before or during marriage. . . .'] the effect of section 903 is to characterize contract debts as community when the contract is 'made' (as distinct from performed) during the marriage." (*Feldner, supra,* 40 Cal.App.4th at p. 622.)

It is immaterial in this context that the potential liability on a contract made before or during a marriage may be conjectural or uncertain at the time the contract was made. *Nassimi* is illustrative. The contract in question there, for the sale of the couple's business, was executed during the marriage; the complaint against the contracting spouse was filed after they separated; and the parties settled 18 months later. (*Nassimi, supra,* 3 Cal.App.5th at pp. 672-673, 675-677.) Following *Feldner,* the court held the community estate was liable for the settlement amount, attorney fees, and costs. As in *Feldner,* and as here, when the contract was executed any obligation for its potential breach was contingent on a breach occurring, followed by litigation and an adverse judgment. But none of that mattered. Pursuant to sections 910 and 903, the fact that the contract was made during the marriage mandated that the debt belonged to the community estate. (*Nassimi,* at pp. 685-686; e.g., *In re Marriage of Brown* (1976) 15 Cal.3d 838, 846, fn. 8 ["the fact that a contractual right is contingent upon future events does not degrade that right to an expectancy"]; *In re Marriage of Fonstein* (1976) 17 Cal.3d 738, 746 ["contractual rights . . . are community property though contingent upon future events"].)

5

Minh attempts to distinguish *Feldner* and *Nassimi* because the contracts in those cases were executed during, rather than before, the marriage. The distinction is meaningless: under section 910, the community estate is equally liable for debts incurred during *and before* the marriage.

It is also irrelevant that, as Minh asserts, the marital community did not benefit from the Williams-Ferris contract. "[T]he liability of community property is not limited to debts incurred for the benefit of the community, but extends to debts incurred by one spouse alone exclusively for his or her own personal benefit. [Citations.] Although a spouse may be required to reimburse the community for the misuse of community assets [citations], the community estate remains liable to third party creditors for any debt incurred as a result of such misuse of assets." (*Lezine v. Security Pacific Fin. Services, Inc.* (1996) 14 Cal.4th 56, 64.) To the extent Minh further suggests the fee award was invalid when issued, she provides no authority for collaterally attacking it in this appeal and at this late date.

Finally, the family court's finding that the fee award was not a debt for the "common necessaries of life" of either spouse or their children is neither here nor there. Under section 2623, debts incurred for the common necessaries of life after the date of separation and prior to dissolution or legal separation are community obligations, while other debts incurred during that interval are charged to the spouse who incurred them. Ferris incurred his debt to Williams before the marriage, so sections 903 and 910, not section 2623, provide the controlling law.

We do not address Williams's argument that she is entitled to additional interest, costs, and attorney fees, nor Minh's argument that Williams forfeited the issue in the family court. The parties may take up these issues with the trial court on remand.

6

## DISPOSITION

The judgment is reversed to the extent it characterizes the judgment debt as Ferris's separate obligation rather than a community debt.  The matter is remanded to the family court for further proceedings consistent with this determination.  Williams is entitled to costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)


BURNS, J.

WE CONCUR:


JACKSON, P.J.
SIMONS, J.

*Williams v. Ferris* (A165952)

7